RAIFORD HALL *v.* STATE OF MISSISSIPPI.

[44 South., 826.]

CRIMINAL LAW. *Necessity of charge. Absence of affidavit or indictment.*

An affidavit charging the offense for which a defendant is put upon trial before a justice of the peace, is essential to his jurisdiction and also to that of the circuit court on defendant's appeal, and for want of the same a conviction by the circuit court will be reversed.

FROM the circuit court of Union county.

HON. JAMES B. BOOTHE, Judge.

Hall, appellant, was tried and convicted before a justice of the peace for the unlawful sale of intoxicants. He appealed to the circuit court, and from a conviction and sentence there, to the supreme court.

The transcript of proceedings in the justice's court showed no affidavit nor other charge against appellant.

Appellant, in the supreme court, assigned for error the refusal of the circuit court to set aside the verdict because no crime was charged against him either by affidavit or indictment.

*Mr. C. Lee Crum,* for appellant.

The judgment of the lower court should be reversed, and the cause dismissed, because, so far as the record here discloses, neither the justice of the peace, before whom the case began, nor the circuit court on appeal, had any jurisdiction to try appellant. No affidavit is shown in the record on which a prosecution can be based. Certainly, the crime was not committed in the presence of the court that tried. It must be held that the entire prosecution was begun, and rested alone, on the deposition of a witness of the state, taken *ex parte* before the justice of the peace. It is true, that the justice of the peace, in his testimony in this case before the circuit court, said that the deposition of this witness for the state, " was the first we could get in court, and as soon as he testified and retired, the deputy sheriff left with the affidavit; I wrote the affidavit." Such testimony was, however, promptly objected to as parol testimony, attempting to show what the record on appeal alone should show. The justice of the peace evidently referred in his testimony to the writ or warrant for the arrest of appellant, when he used the word, " affidavit "; for he would naturally have placed the warrant for arrest, but not the affidavit, in the hands of the deputy sheriff. Moreover, the justice of the peace testified that he issued further writs for the arrest of appellant.

The copy of the record of proceedings before the justice of the peace, filed on appeal in the circuit court, is as follows:

" Copy of Record of the Proceedings before me, W. J. ROB-BINS, a Justice of the Peace of Union County, in the case therein set forth: *Union County* v. *Rafe Hall.* Retailing. Warrant issued 14th day of July, 1906. Another one issued

Oct. 15, 1906, to Chickasaw County, returnable Nov. 10, 1906. This day this cause came on to be heard, and after hearing the testimony, it is the judgment of the court that the defendant, Rafe Hall, is guilty as charged, that he be fined fifteen dollars and all costs, and thirty days in jail, and stand committed to jail until final costs are paid." This record is properly certified to by the justice of the peace.

There is not one word in the above transcript showing the existence of any evidence charging the offense of retailing. The absence of an affidavit charging the offense in this case, was not discovered by the attorney for the defendant until after verdict; and was promptly alleged as a reason for new trial, but the court overruled the appellant's motion to such effect. There can certainly be no doubt that the failure to begin this prosecution upon an affidavit of information is fatal error, which cannot be cured at any stage of the proceedings on appeal.

It is true, that § 27 of the state constitution, provides that the Legislature may, in cases of misdemeanor, dispense with inquest by the grand jury, and allow matters to be regulated by proper proceedings before the justices of the peace; and Code 1906, § 2749, gives justices of the peace jurisdiction of misdemeanors. But the jurisdiction of justices of the peace of a misdemeanor is only acquired by filing an affidavit of the commission of the crime. Code 1906, § 2750.

In the case of *Bigham* v. *State,* 59 Miss., 529, this court held, in a case analogous to this, that an affidavit was the proper basis of the prosecution of appellant, and essential to confer on the justice of the peace jurisdiction of the defendant and of the crime.

*George Butler,* assistant attorney-general, for appellee.

It is, of course, conceded by the state that unless an affidavit was made against the appellant in the justice court, neither the justice of the peace, nor the circuit court, had any jurisdiction

to try the defendant for any misdemeanor. *Ball* v. *Sledge,* 82 Miss., 747; *Polk* v. *Town of Seminary,* 89 Miss., 293; 42 South., 128.

This court is, however, precluded from reversing the judgment in any case for any error of omission in the trial court, except such as are jurisdictional in character, unless the record shows that the errors complained of, were made ground of special exception in that court. The effect of Code 1906, § 4936, is to establish the presumption in the supreme court, in every criminal case, that the judgment of the circuit court is correct, and it must be affirmed unless the appellant shows that he complained in the court below in the particular matter wherein he assigns error in this court. Appellant cannot complain in the supreme court for the first time, that there is no indictment or affidavit in the record. *Spivey* v. *State,* 58 Miss., 743. If there was actually no affidavit, showing a charge against appellant, he did not complain of the absence thereof in the lower court. He did complain that there was no crime charged; making such complaint, however, not in arrest of judgment, but on motion for a new trial. But considering the motion as being for arrest of judgment, and as pointing to the loss of the affidavit, it came too late. *Short* v. *State,* 82 Miss., 473.

It does not affirmatively appear from the record that an affidavit had not, in fact, been made, and it does not appear, except by reason of the absence of such proof from the record, that the affidavit was not actually on file in the circuit court. Its absence should have been affirmatively shown or accounted for. *Calhoun* v. *State,* 86 Miss., 553.

The case of *Bigham* v. *State,* 59 Miss., 529, cited by learned counsel of appellant, is not in point. The appellant there pleaded former conviction, and it became encumbent upon him to show the conviction. The record of the court of the justice of the peace, which he did present as sustaining his plea of former conviction, showed affirmatively that there had not been

any affidavit made against him, nor any charge against him lodged with the justice of the peace.

If, however, the court should hold that there was no proper affidavit, and the judgment must be reversed, it is submitted, that reversal should be had without prejudice to the subsequent bringing against appellant of any charge founded on a proper affidavit.

WHITFIELD, C. J., delivered the opinion of the court.

The justice of the peace certifies what purports to be the entire record of the proceedings in his court, and no affidavit is referred to there. His testimony evidently referred to a warrant for arrest when he used the word " affidavit." This is too plain for disputation. We have, therefore, a case in which there is no affidavit whatever, and never was one. Neither the justice court nor the circuit court had any jurisdiction.

The judgment is reversed, and the cause dismissed, without prejudice to the bringing against the appellant of any charge founded on a proper affidavit.