## WILLIAM D. MOORE *v.* STATE OF MISSISSIPPI.

### [44 South., 817.]

CRIMINAL LAW AND PROCEDURE., *Perjury.* *Indictment.* *Arrest of judgment.*

An indictment for perjury which fails to negative the truth of the alleged false swearing is so fatally defective that a conviction under it will be arrested on motion, although no objection was made to it before verdict.

FROM the circuit court of, second district, Panola county.

HON. JAMES B. BOOTHE, Judge.

Moore, the appellant, was indicted for perjury, tried, convicted and sentenced to the penitentiary for ten years, and appealed to the supreme court.

The indictment was as follows:

" The grand jurors of the state of Mississippi, elected, summoned, empaneled, sworn and charged to inquire in and for the body of second district of Panola county, state of Mississippi, at the term aforesaid of the court aforesaid, in the name and by the authority of the state of Mississippi, upon their oaths present that William B. Moore, late of the county aforesaid, on the first day of October, A. D., 1902, with force and arms in the county and district aforesaid, and within the jurisdiction of this court, being then and there a witness in the circuit court of said county and district before HON. PERRIN H. LOWREY, judge of said court, in the case of the state of Mississippi against said William D. Moore charged with grand larceny in the stealing of a mule, the property of one Whitten, the said court having jurisdiction to try and determine said case, the said William D. Moore being sworn by the clerk of said court, who was by law authorized to administer oaths, and the said Moore then and there took

his corporal oath and did then and there swear and say that the evidence he should give before said court and jury in the trial of said case should be the truth, the whole truth and nothing but the truth, so help him God, and being sworn as aforesaid as a witness, it became and was a material matter in the trial of said case on the charge of grand larceny, whether he, the said Moore, met one Robert Ivy in his, Moore's, field on Monday night, the 10th day of August, 1901, when he, the said Robert Ivy, brought the mule alleged to have been stolen, to him, the said Moore, by his, Moore's, direction, he, the said William D. Moore, being sworn, as aforesaid, did unlawfully, willfully, feloniously, falsely, knowingly and corruptly swear and say that he, the said Moore, did not leave his house that night, that he was sick and taking medicine, and that Joseph Hamilton, a witness in said case, was at his, Moore's, house that night and sat up with him, William D. Moore, and gave him, Moore, medicine during the night: Whereas, in truth and in fact, Joseph Hamilton was not at his, Moore's, house that night, and did not set up with said Moore and give him medicine as he, the said Moore, did so swear in said case; all of which was then and there well known to him, the said William D. Moore, and therefore the grand jury aforesaid on their oath aforesaid, say that William D. Moore, in the trial of said case of the state of Mississippi against him, the said William D. Moore, in the circuit court of the second district of Panola county, did commit felonious and corrupt and willful perjury against the peace and dignity of the state of Mississippi."

. The opinion of the court further states the facts.

*Pearson & Lamb,* for appellant.

The motion in arrest of judgment should have been sustained. The indictment is vitally defective in that it charges no crime known to the law. It is correct in every particular except one, but that one is vital — going to the very heart

of the case. An indictment for perjury must set out the evidence given, and such evidence must be charged to be material; and the evidence so set out in the indictment as material and as given must also be alleged in the indictment, to be untrue. In the indictment in question, whether Moore met Robert Ivy in Moore's field a certain Monday night is alleged to be material and it is properly charged that he did not leave his house that night, which allegation was equivalent to charging that he did not meet Robert Ivy in the field that night. Hence, if the indictment had charged that Moore's statement under oath as to his not leaving his house that night was untrue, it would have been a good indictment for perjury. But the indictment utterly fails to charge that Moore did not leave his house that night, but only avers that Joseph Hamilton was not at his, Moore's, house that night, did not sit up with Moore, and did not give Moore medicine. But the indictment says that Moore went out of his way and said an immaterial thing, namely, that Joseph Hamilton was at Moore's house and that in such statement he lied about an immaterial matter. This constituted no crime. It might be true that Moore did not leave his house that night, the only material thing involved, and yet, be untrue that Hamilton sat up with him, was at his house and gave him medicine. Moore might have remained in his house every second of the night in question even had Hamilton been dead and buried.

On the other hand it may be true that Hamilton was at Moore's house on the night in question, sat up with him and gave him medicine during the night, and still, during the same night Moore might have gone to the field, met Ivy, stolen a mule or a dozen mules.

An indictment for perjury must allege that the untrue statement was about a material thing. A pleader may show its materiality by charging facts that make it material or by merely averring it to be material. In this case he merely charges that it was material whether Moore met Ivy in the

field that night.  Moore said he did not so meet Ivy.  The indictment wholly and utterly fails to show that he did meet Ivy.  As it is necessary to negative the truth of the statement and as it is not written in the indictment, we must assume that Moore did not meet Ivy in the field that night.  When we assume that Moore told the truth about not meeting Ivy, that ends the material part of the matter.

The indictment in question nowhere charges that the matter alleged therein to be material about which Moore swore falsely was false, nor does it set out the truth in respect to same.  This absolutely renders the indictment unsufficient as an indictment for perjury with respect to anything Moore swore about having met Bob Ivy in the field on the night in question.  This is expressly held in the case of *State* v. *Silverberg,* 78 Miss., 858.  See also *State* v. *Wigging,* 30 South., 712.

In the case of *Cook* v. *State,* 72 Miss., 517; 17 South., 228, this court said that it had been uniformly held that no averment of any indictment which goes to the very essence of the offense may be dispensed with by the state or waived by the accused; that "the statute was not intended and could not have been intended to rob any citizen accused of felony of his right to have the nature and cause of accusation preferred against him clearly and fully stated, and any abridgment of the right to be thus informed in any substantial particular would be unconstitutional."

See also *Taylor* v. *State,* 74 Miss., 544, where the doctrine of the *Cook case* just cited is re-affirmed.

As above shown the indictment utterly fails to show that it was a material matter on the trial of appellant for larceny in the stealing of the mule, whether Hamilton spent the night with Moore or not.  *State* v. *Booker,* 84 Miss., 187.

*R. V. Fletcher,* attorney-general, for appellee.

Appellant was indicted for perjury, and convicted on evidence amply demonstrating that he had sworn falsely.  The

serious question in the case is as to whether the indictment really charges a crime. The attack on the indictment was made by motion in arrest of judgment. Of course, in the absence of a demurrer, this court will affirm, unless the indictment on its face is so defective as to constitute no charge of crime. After the most serious reflection and examination, I feel that this question should be submitted to the court without argument.

There is no substantial merit in any other contention.

Mayes, J., delivered the opinion of the court.

The indictment in this case is upon the charge of perjury. On the trial appellant was convicted under this indictment and given a sentence of ten years in the penitentiary. After he was convicted and before sentence there was a motion in arrest of judgment. There are several reasons assigned in the motion, but the main one is because the indictment does not charge that the testimony of Moore, in reference to which it is alleged that the testimony was material, was false. The indictment charges that the material matter was whether Moore met Robert Ivy in Moore's field on Monday night of a certain day in August, 1901. If Moore swore falsely about this matter, and swore that he did not meet Ivy on the date named, it was necessary to allege in the indictment that he so stated, and it was further necessary to allege in the indictment that this statement by him was false, and that in truth and in fact he did meet Ivy. Before Moore could ever have been convicted of perjury is was necessary to prove all these facts as constituting the crime, and, if it was necessary to prove these facts in order to constitute the crime, it was necessary to charge them in the indictment. When the indictment failed to do this, it failed to so substantially charge the crime as that a conviction under this indictment could lawfully stand. This is not a formal defect, but it is a defect of substance.

In the case of *Cook* v. *State,* 72 Miss., 517; 17 South., 228,

it is held, under § 1354 of the Annotated Code of 1892 (§ 1426 of the Code of 1906), providing how objections to an indictment shall be taken, that "the statute was not intended to rob, and could not have been intended to rob, any citizen accused of a felony of his right to have the nature and cause of the accusation preferred against him clearly and fully stated, and any abridgment of the right to be thus informed in any substantial particular would be unconstitutional." And in the case, *supra,* it was held on an indictment for murder that the omission of the word "did" in the indictment was not a formal defect, advantage of which must be taken by demurrer, but that it was a substantial defect, and that its omission made the indictment fatally defective, where the indictment merely alleged that the defendant "feloniously, willfully, and with malice aforethought kill and murder one John Bryan," without inserting the word "did" in the indictment. In the case of *Commonwealth* v. *Porter,* 32 S. W., 138; 17 Ky. Law. Rep., 554, a case very similar to the one before the court, it was held on an indictment for perjury that the indictment alleged that the false swearing consisted in the appellee, while testifying as a witness before the grand jury, saying that he did not see Barker at the colored church the night one Millen was shot and said breach of the peace occurred, either during the shooting by said Millen, or prior thereto, or thereafter on that night, and the court in this case said: "While it is true that the indictment charges that the answer given was false, and known to appellee to be so when given, yet it fails to charge in terms that he did see Barker at the time it is alleged the accused testified he did not see him. It should have been alleged that the accused did see Barker at the colored church the night Millen was shot and the breach of the peace occurred"— and for failure to do this the court held that the indictment was fatally defective.

In the case now before the court it is charged that the false testimony consisted in the witness swearing that he did

not meet Ivy, yet nowhere in the indictment is it alleged that Moore did meet Ivy. In order to constitute the offense of perjury, it being necessary to prove this, it was necessary to allege it. All that this indictment alleges is that it was material to prove that Moore met Ivy in his (Moore's) field in August, 1901, and the indictment then alleges that Moore, being sworn, unlawfully, willfully, feloniously, falsely, knowingly, and corruptly swore that he did not leave his house that night. If, upon this indictment, it had been proven that Moore swore that he did not meet Ivy, and it had further been proven that he stated that he did not leave his house, these facts would not have been sufficient to sustain the conviction of perjury, because it was necessary to go one step further, and prove, not only that Moore swore that he did not meet Ivy, but that in truth and in fact he did meet Ivy. As was stated above, it being necessary to prove this, it was necessary that it be charged in the indictment, in order that defendant might be informed of the nature of the charge against him in clear and unmistakable language. This is not mere matter of form. It is *sine qua non* to the conviction.

*Reversed and remanded.*