MARTHA A. SHULER, EXECUTRIX, *v.* ELLEN MURPHY ET AL.

[44 South., 810.]

1. RES ADJUDICATA. *Partition decree.* *Code* 1892, § 3112.

A final decree in a partition suit, predicated of a confessed bill of complaint which ignored a deed previously made by one defendant tenant in common to another, does not divest the title conveyed by the deed, nor prevent the grantee therein from claiming the proceeds of a sale under the decree of the interest conveyed the deed against the grantor and his creditors, although Code 1892, § 3112, provides that such a final decree shall settle the rights of the parties to the land and, with the decree of confirmation, be an instrument of title.

2. GARNISHMENT. *Rights of creditor.*

A judgment creditor can acquire no greater interest in a garnished fund than the debtor has.

FROM the circuit court of Madison county.

HON. DAVID M. MILLER, Judge.

Mrs. Shuler, executrix, appellant, was plaintiff in the court below; one Luke T. Murphy was defendant and Miss Murphy and another, the appellees, were claimants there. From a judgment in claimants' favor the plaintiff appealed to the supreme court.

The appellant, Mrs. Shuler, executrix, was the owner of a judgment rendered in the Madison county circuit court against Luke T. Murphy; and sought by garnishment proceedings against one Black, commissioner of the chancery court of Attala county for the sale in partition proceedings of certain land in that county, to subject a part of the proceeds of the sale, to the satisfaction of her judgment. Black, the commissioner, answered, stating that he had in his hands $109.31, the alleged share of Luke T. Murphy in the land, which money he paid into court, suggesting that appallees, Ellen Murphy and Mar-

garet Murphy, sisters of Luke T. Murphy, claimed the money as belonging to them. The claimants, appellees, were brought into court and issue was joined between them; the appellant averring that the funds belonged to the defendant in execution, Luke T. Murphy, and were subject to be taken for his debt; the claimants denied that they so belonged and claimed the funds as grantees of Luke T. Murphy under a conveyance made prior to the rendition of the judgment. The facts are fully stated in the opinion of the court.

*Luckett & Guyton,* for appellant.

The decree of the chancery court of Attala county is conclusive as to the rights and interests of all parties to that suit, and the appellees, who were merely claimants in this cause, cannot go behind the decree of the chancery court, and make claim that the interest of Luke T. Murphy belonged to them under a prior deed of conveyance. To allow the appellees to do this would be to nullify the statute law, and create untold confusion, and render decrees and judgment of but little force and effect. Whatever is binding on Luke T. Murphy is binding upon all in privity with him, including appellees. Code 1906, § 3536; Code 1892, § 3112.

In the case of *Alsobrook* v. *Eggleston,* 69 Miss., 833, this court held that a decree for the sale of land for partition, fixing the interests of the parties, conclusive as to such interests as between the parties and their privies. The question, then, is: how is the judgment creditor, the appellant, regarded with reference to Luke T. Murphy, the debtor? If she is a privy, the above decision settles the case in favor of appellant. There is no question but that Luke T. Murphy, and his two sisters, claimants below, were privies in estate; and it accordingly follows that Mrs. Shuler, as executrix, holder of the former judgment against Murphy, stands in the shoes of Murphy, and must take his interest; and is, accordingly a privy. This being true, the decree of the chancery court of Attala county which settled

the rights of Murphy and his sisters to the fund in question is conclusive, and our objections to any evidence tending to contradict the recitals of such decree should have been sustained. And for the same reason the judgment of the circuit court below should have been in favor of the appellant.

The case of *Alsobrook* v. *Eggleston, supra,* bears a striking analogy to the present case. In the case cited there was an effort made to deny the effort and legal operation of the decree fixing the rights of the several cotenants, but the court held that it could not be done, and that the decree fixing such interests and rights was conclusive, and could not be denied by the purchaser at the partition sale, who stood in privity with the parties to the suit. See also *Mortgage Co.* v. *Bunckley,* 88 Miss., 641.

*Pratt & Reid,* for appellees.

Appellant relies upon the doctrine of estoppel, under Code 1892, § 3112, providing that the decree in partition shall settle the rights of all parties and constitute an instrument of evidence in all questions as to the title to lands which may be the subject of the decree. This provision is, however, simply the application of the doctrine of *res judicata* to decrees in partition suits; the conclusiveness of the decree in each case being limited to those matters which were there in issue. To successfully set up the doctrine of *res judicata,* the party invoking the same must show that the subject matter of the former suit is the same as in the suit at bar. *Jones* v. *Vert,* 121 Ind., 140; s.c., 16 Am. St. Rep., 370.

The subject matter of this proceeding is the ownership of the fractional interest in the land, formerly belonging to Luke T. Murphy. In no way could the doctrine of *res judicata* be invoked in the present suit by appellant as conclusive against the appellees. *Dunlap* v. *Edwards,* 29 Miss., 43; *Land* v. *Kiren,* 52 Miss., 346.

The rule of *res judicata* rests on the ground that there has

already been a trial adjudicating the matter sought again to be litigated; and where it appears that the particular matter was not of the essence of the cause, was not directly involved, did not require and probably did not receive the attention due to a matter in issue, the rule of *res judicata* does not apply. *Lawrence* v. *Platt,* 67 Miss., 190; *Land* v. *Kiren,* 52 Miss., 346; *Hubbard* v. *Flynt,* 58 Miss., 270.

The case of *Finley* v. *Cathcart,* 148 Ind., 470; s.c., 68 Am. St. Rep., 292, is analogous. In the case cited, one of the co-tenants of land filed a bill for partition, averring that one of the defendants, A., owned three-sevenths, and another coten-ant, B., owned one-seventh, of the land, and a decree *pro con-fesso* was taken against all of the defendants, and the land was partitioned in kind according to the averments of ownership set out in the bill, namely, three-sevenths to A., and one-seventh to B. A. was, however, actually the owner of a four-seventh interest; B., who had formerly owned a one-seventh inter-est, having, prior to the filing of the partition suit, con-veyed his one-seventh interest to A. B. brought suit in equity to quiet his title to the one-seventh interest set aside to him. The Indiana court, in deciding against B., said: "It does not follow in such case, where alleged cotenants are made defendants, and are defaulted because of nonappearance, and no cross-complaint has been filed by any of the defendants tendering any issue between them-selves, and the defendants are assigned interests as set forth in the bill, that said defendants are concluded as between each other as to their respective interests in the land." And of similar import is the opinion of the Pennsylvania court in *Duluth's Appeal,* 57 Pa. St., 461. It is but fair to say that the two decisions last cited were under statutes whose pro-visions as to conclusiveness of decrees in partition are not so sweeping as is our Mississippi statute.

The case of *Alsobrook* v. *Eggleston,* 69 Miss., 833, relied upon by learned counsel for appellant, is not in conflict with

our contention, but only illustrates the application of the doctrine for which we contend. In that case the main issue was as to the ownership of land, the record title to which was in one not the true owner. The issue was presented as to the ownership of the several shares of the land as between the several parties to the suit. That issue was adjudicated and the decision was held to be *res judicata.*

Instead of the appellees, Ellen and Margaret Murphy, being estopped by the decree in the partition suit of the Attala county chancery court, Luke T. Murphy, and those who might claim under him, including the present appellant, Mrs. Shuler, executrix, are estopped by his deed of date of 1898.

It is not admissible in a partition suit, under our statute law, to make any one except a cotenant a party. An adverse claimant cannot be made a party. And if one having no interest whatever in the land, or one having no interest in the partition, is improperly joined as a party, and a decree *pro confesso* taken, the final decree will not invest such party with any title. The purpose and effect of our statutes is to give the court which has jurisdiction over *proper* parties the right to settle the claims of such parties, and such parties only. *Nugent* v. *Powell,* 63 Miss., 107; *Cooper* v. *Fox,* 67 Miss., 242. It would be a miscarriage of justice, if a person having no title or claim whatever to land, and not even claiming any interest, should, by being improperly joined as defendant in a partition suit, be vested with title thereto merely because a decree *pro confesso* is taken in the partition suit on a bill of complaint erroneously alleging that such person has such title.

There never was any decree in the partition suit in the Attala county chancery court in favor of Luke T. Murphy as to the fund in question. The bill did aver that he had a one-eighth interest in the land to be partitioned. The decree for sale merely ordered a sale of the land by a commissioner, and reserved decision on all other matters until the coming in of the report of the commissioner. And on the coming in of

such report of sale, a decree was rendered by the chancery court confirming the sale, and ordering the commissioner to pay the proceeds of sale " to the parties entitled thereto as fixed in the former decree in this cause." As a matter of fact, no former decree fixed the respective interest of the parties.

Mayes, J., delivered the opinion of the court.

In May, 1898, D. W. T. Sanders recovered a judgment against Luke T. Murphy for the sum of $202.50. Subsequently, Sanders having assigned the judgment to E. A. Shuler and the judgment being about to expire, suit was brought on the judgment for the purpose of renewing it, and a judgment rendered against Luke T. Murphy in favor of Mrs. M. A. Shuler, executrix of the estate of E. A. Shuler, for the sum of $354. After this judgment was recovered, it was suggested that J. W. Black, sheriff and commissioner of Attala county, was indebted to Luke T. Murphy, and a writ of garnishment was issued and served upon Black. In answer to this garnishment, Black stated that he had in his hands as commissioner, in the case of *Ann Simmons* v. *Luke Smith et al.,* the sum of $109.31, which by decree of the court he was ordered to pay Luke T. Murphy as his distributive share of the proceeds of certain real estate ordered to be sold under the decree of the chancery court in cause No. 2,155, in which cause Murphy was a defendant. He further states that he has been notified that Miss Margaret Murphy and Ellen Murphy, who were codefendants with Luke T. Murphy in the suit above referred to in the chancery court, claimed to be the owners of the sum in his hands. He then prays that the Misses Murphy be summoned to appear and interpose their claim in court, and that he be allowed to pay the said sum in court, and that Mrs. Shuler, executrix, and the Misses Murphy, be required to contest their respective claims for same.

The record shows the following: On the 14th day of March, 1898, and prior thereto, Margaret Murphy, Ellen Murphy, and

Luke T. Murphy, together with other tenants in common, were each entitled to one-eighth interest in certain real estate. On the 14th day of March, 1898, Luke T. Murphy conveyed his one-eighth interest to his two sisters, Margaret and Ellen Murphy. This deed was duly acknowledged on the 14th day of March and filed for record, as shown by the certificates of the clerk, on the 15th day of March, 1898. This deed was made prior to the date at which the judgment was recovered against Murphy, so that, before the time the judgment was recovered, Murphy had deeded all his interest, being a one-eighth interest, to his two sisters. In August, 1905, Mrs. Ann Simmons began a suit in the chancery court against Luke Smith and others, the purpose of which was to obtain a partition of this real estate among the cotenants. The bill alleged that Margaret Murphy, Ellen Murphy, Luke T. Murphy, and the other heirs were all entitled to a one-eighth interest each in the lands, describing them, and claiming that said lands descended from one John Murphy, father of the complainant and defendants. The bill prayed for a sale of the land for partition. All the parties were duly summoned, and a *pro confesso* taken against Margaret Murphy, Ellen Murphy, Luke T. Murphy, and the other defendants named in the bill; none of them having answered. Afterwards a decree of partition for the sale of the property was ordered, the sale duly made by Black, commissioner, and reported to the court and duly confirmed.

The solitary question presented for decision is whether or not, under the facts in this case, the judgment creditor of Luke T. Murphy can claim the proceeds of this sale in the hands of the commissioner as to that part which the decree ordered paid Luke T. Murphy. The judgment creditor stands in exactly the same attitude in relation to the fund that the judgment debtor does. If Murphy cannot prevail in asserting his claim to the fund against his codefendants, Margaret and Ellen Murphy, then the judgment creditor must also fail. *Miss. Valley Co.* v. *Chicago, etc., Ry. Co.*, 58 Miss., 846;

*Foute* v. *Fairman,* 48 Miss., 536. Appellant contends that under § 3112 of the Code of 1892 (§ 3536, Code of 1906) the right of Luke T. Murphy to claim this sum in the hands of the commissioner was exclusively fixed by a decree of the court, and that no claim can now be asserted by his two sisters to this fund; they not having done so at the time of the partition. The section of the Code in question — that is to say, § 3112 of the Code of 1892 (§ 3526 of the Code of 1906)—provides that " the final decree of the chancery court in partition proceedings shall ascertain and settle the rights of all parties; and it, and the decree confirming the partition, shall constitute an instrument in all questions as to the title of the lands which may be the subject of the decree, in all courts, and shall be conclusive as to the rights of all parties to the suit, and subject to appeals and bills of review, as in other suits and to a repartition as provided." This section of the Code never was intended to settle an issue foreign to the purpose of the original suit. In so far as the complainant is concerned, and in so far as the innocent parties may be concerned, the judgment of the court in partition proceedings, ascertaining and settling the rights of the parties, is conclusive; but where there has been no act of estoppel on the part of the defendants *inter sese,* and the rights of innocent parties are in no way prejudiced, there is nothing in this section which prevents them from afterwards questioning rights as between themselves.

Authorities dealing with the subject-matter of this suit are not numerous. In the nature of things, a question of this sort does not often arise, and the best case we have found is the case of *Finley* v. *Cathcart,* 149 Ind., 470; s.c., 48 N. E., 586; s.c., 63 Am. St. Rep., 292. The case cited above is so apt in its application to the case under discussion we may be pardoned for quoting its language, merely substituting the names of the parties in this case. Unless it can be said that the issue raised alone by the petition in the partition suit was sufficient to warrant the court in determining the question of title between

Ellen and Margaret Murphy and Luke T. Murphy, then there was no issue under which it could have been decided. The facts necessary to constitute a cause of action in a partition proceeding in favor of Ann Simmons, the complainant, and entitle her to a partition, were that she held and owned, in the lands described in her petition, a one-eighth interest as tenant in common with the defendants. This was the only issue which was tendered by the bill to the defendants. All such matters, and all others coming within the material issue in the case, as between plaintiffs and defendants, must be held to have been settled by the judgment, and as to such matters it will not be open to collateral attack. But it cannot in reason be said that the issue so raised by the petition must be presumed and held to have conclusively settled all matters between the defendants. The record shows that none of the defendants filed a cross-bill, nor in any way appeared to the action; but a *pro confesso* was taken against them, and no issue was raised in any way by the defendants as between each other. It is evident, therefore, under such circumstances, that the court was not called upon, nor was it relevant, for it to examine into and determine matters of an adverse nature existing between any of the defendants. By their default the defendants, as between them and complainant, admitted all material and traversable averments constituting the cause of action; but, while this is true, it would not justify the holding that the defendants, by their default, admitted that their codefendant was seised of a one-eighth interest in the property as alleged in the bill of complainant. In fact, we fail to recognize any features or provisions in the partition suit which can be said, on default of the defendants in the action instituted by Ann Simmons, complainant, to have put any issue, *ipso facto,* in title or interest, between any of said defendants, so as to warrant the court, by its judgment, to conclusively adjudicate same. It may be correctly said that the complainant, by her petition for a partition, challenged the defendants one and all, to set up

and avail themselves of any title or matter which would defeat the complainant in her demand for partition, or which would diminish the interest which she claimed to have and hold in the real estate; but certainly it cannot be conclusively urged that the petition also required, or compelled, the defendants to present and litigate all matters, rights, and title as between themselves, and, having failed to do so, they must now, under the circumstances, be held to be precluded by the court's judgment. To affirm such a rule would not only, as we believe, operate mischievously, but would manifestly work an injustice in the case at bar. The bill of complaint filed by Ann Simmons did not put in issue between the defendants the title which Luke T. Murphy had previously conveyed to his two sisters, Margaret and Ellen Murphy, and therefore they are not precluded or estopped by the judgment from asserting their title as against him or his judgment creditor. We must not be understood as holding that if there had been a partition in kind, and each of the defendants had acquiesced in such partition, they would not have been estopped by the judgment. Nor do we hold that, if this controversy involved the rights of any innocent party, this judgment in the partition proceeding would not be conclusive as against the rights of all defendants as well as complainants. These questions are not involved in this case, and therefore not decided.

The case of *Alsobrook* v. *Eggleston,* 69 Miss., 833; 13 South., 850, cited by counsel for appellant, has no application here. In the *Alsobrook case, supra,* one Payne and Alsobrook purchased certain real estate, taking title in name of Payne. Subsequently, Alsobrook having died, Payne began a suit for partition, in which he set out the facts, alleging that the Alsobrook heirs were tenants in common with him, and asked for a sale for partition. Eggleston was at that time a stranger to the proceeding, with no interest in it whatever. The property was ordered to be sold for partition, and at this sale Eggleston bought the property; but the sale was never confirmed, and Eg-

gleston never paid for the property. Afterwards Eggleston bought Payne's interest, and, when sued for partition by the Alsobrook heirs, undertook to deny their title, and the court said: " The effect of the decree made upon the petition of Payne against the heirs at law of Alsobrook, for sale of the lands for partition, was to conclusively settle the equitable right of Alsobrook's heirs to one-half of the lands therein described." In the *Alsobrook case,* Eggleston undertook to collaterally attack a judgment of the court, in the case where the issue was title merely, in a proceeding to which he was an entire stranger, and the court held that he could not do it. The facts make it a quite different case from the case we are considering. It may be stated as a general rule that a decree for the sale of land for partition, or for partition in kind, fixing the interest of the parties, is conclusive; but there are exceptions to this rule, and this case furnishes the exception. On the facts presented by the *Alsobrook case, supra,* the decision of the court was eminently correct.

*Let the judgment of the lower court be affirmed.*