HERRON v. STATE.

[79 South. 289, Division A.]

1. BANKS AND BANKING. *Indictments. Requisites. Sufficiency.*
   Under chapter 120, Laws 1916, (Hemingway's Code, Section 897), an indictment for obtaining money on a check knowing that the drawer at the time of making the check did not have sufficient funds in or credit with the bank for the payment of such check, is fatally defective if it fails to allege that accused intended to defraud the party to whom he presented and who cashed the check, an intent to defraud being an essential element of the crime.

2. INDICTMENT AND INFORMATION. *Waiver of error. Failure to demur.*
   Where an omitted allegation in an indictment goes to the very essence of the offense attempted to be charged, the omission thereof was not waived by accused's failure to demur thereto, notwithstanding section 1426, Code 1906, (Hemingway's Code, section 1182), requiring objections to an indictment for a defect appearing on its face to be taken by demurrer and not otherwise.

APPEAL from the circuit court of Warren county. HON. E. L. BRIEN, Judge.

Joe Herron was convicted of securing money on a check knowing that he had no funds to pay it, and appeals.

On the following indictment the defendant Joe Herron was tried and convicted and sentenced to serve two years in the state penitentiary:

State of Mississippi, Warren County. Circuit Court, March Term, 1918. The grand jurors of the state of Mississippi, elected, summoned, impaneled, sworn and charged to inquire in and for the body of Warren county, state of Mississippi at the term aforesaid, in the name and by the authority of the state of Mississippi, upon their oaths present that one Joe Herron, late of the county aforesaid, on the 1st day of April, A. D. 1918, with force and arms, in the county aforesaid, and within the jurisdiction of this court then and there did unlawfully and feloniously obtain from Jones Smokehouse, a corporation, the sum of twenty-five dollars, lawful money of the United States, by means of giving to the said Jones Smokehouse a check drawn on the First National Bank of Birmingham, Alabama, he, the said Joe Herron, knowing at the time of drawing said check, and uttering and delivering the same, that he had not sufficient funds with the said First National Bank of Birmingham, Alabama, to pay said check upon its presentation, and that said check was presented by said payee within thirty days after the drawing of said check, contrary to the statutes in such cases made and provided, and against the peace and diginity of the state of Mississippi.

*A. A. Chany,* for appellant.

I think the court was in error in refusing to permit defendant to state whether or not he had any intention of defrauding any one when he obtained the money. He was asked this question as shown on page 38 of the record, and the court sustained an objection to it. Unless he so obtained the money, under the very terms of the statute, he is not guilty of any offense.

The indictment does not charge that the defendant obtained the money with intention to defraud any one.

The courts all hold that indictments upon statutes must pursue the precise language of the statute. If this appellant did not obtain the money with the intention at the time of defrauding Jones Smokehouse, then he is certainly guilty of no offense. Unless he is charged in the indictment with so obtaining it, surely the intention will not be presumed.

*Frank Robinson,* assistant attorney-general, for appellee.

No objection was interposed to the indictment. The second error assigned, is, that the court erred in sustaining an objection on the part of the state, as shown at the bottom of page 38, of the record, which is as follows: "Q. If you issued this check, you tell the jury, you didn't do it with the purpose of defrauding anybody?"

The district attorney objected to this testimony of the appellant and the objection was sustained. There is no error in this action of the court (1) because the question was a leading one and therefore improper; and (2) because the record does not show what answer the witness would have made to the question, and therefore this court cannot say that the answer would have been material or beneficial to the appellant.

SMITH, C. J., delivered the opinion of the court.

The indictment upon which appellant was tried, which the reporter will set out, is fatally defective, in that it contains no allegation that appellant intended to defraud Jones Smokehouse, an intent to defraud being an essential element of the crime defined by chapter 120 of the Laws of 1916 (section 897, Hemingway's Code). upon which the indictment is predicated.

Since the omitted allegation goes to the very essence of the offense attempted to be charged the omission thereof was not waived by appellant's failure to demur

thereto.    Section 1426, Code of 1906; section 1182, Hemingway's Code; *Cook* v. *State,* 72 Miss. 517, 17 So. 288; *Taylor* v. *State,* 74 Miss. 544, 21 So. 129.

*Reversed and remanded*