KELLY *v.* STATE.

In Banc. Oct. 11, 1948.

(36 So. (2d) 925)

**J. A. McFarland & J. M. Travis,** for appellant.

**J. Larry Thompson,** also for appellant.

**George H. Ethridge**, Assistant Attorney General, for appellee.

**Montgomery, J.**

Danny Kelly was convicted of murder in the court below and sentenced to life imprisonment from which he appeals.

The indictment, omitting the formal parts, reads as follows: ''that Danny Kelly . . . on the ——— day of June, A. D. 1947, with force and arms in the County, District and State aforesaid, and within the jurisdiction of this court, unlawfully, willfully, feloniously and of his malice aforethought, kill and murder J. T. Hilton, a human being . . .''.

It will be noticed that the indictment omitted the word ''did'' before the words ''kill and murder'' and said word does not elsewhere appear in the indictment.

The appellant failed to demur to this indictment. Section 2449, Code of 1942, reads as follows:

"All objections to an indictment for a defect appearing on the face thereof, shall be taken by demurrer to the indictment, and not otherwise, before the issuance of the venire facias in capital cases, and before the jury shall be impaneled in all other cases, and not afterward; and the court for any formal defect, may, if it be thought necessary, cause the indictment to be forthwith amended, and thereupon the trial shall proceed as if such defect had not appeared."

There was a motion for a new trial, but the insufficiency of the indictment to charge the crime of murder is raised for the first time on the appeal to this Court.

In Cook v. State, 72 Miss. 517, 17 So. 228, there was an identical omission in an indictment for murder in that it omitted the word "did," as here, and the Court held the indictment was void and charged no offense; that Section 1354, Code of 1892, now Section 2449, Code of 1942, was not intended to deprive any citizen accused of a felony of his right to have the nature and cause of the accusation preferred against him clearly and fully stated, and any abridgement of the right to be thus informed in any substantial particular would be unconstitutional; that if the Court, by intendment, read into the indictment the word "did" so that the charge should read "did kill and murder" the deceased and thereby make the defective paper an indictment for murder, it might with like intendment, along the same line of offenses, read into the empty place in the indictment "did attempt" to kill and murder the deceased, or "did combine and conspire with John Doe and Richard Roe" to kill and murder the deceased. It was there also held that Section 1354, Code of 1892, Section 2449, Code of 1942, applies only to formal defects that may be amended without touching any matter of substance, does not apply to defects touching the substance, and that no averment of any indictment, which goes to the very essence

of the offense, may be dispensed with by the state, or waived by the accused.

Since the decision in 1895, this Court has closely adhered to the principles announced in the Cook case. In Hall v. State, 91 Miss. 216, 44 So. 826; Id., Miss., 44 So. 810, the trial court, over defendant's objection, permitted the district attorney to insert the word "did" in an indictment for murder after the case had been called for trial, but on appeal this Court held the defect was one of substance and not amendable, and reversed this judgment and quashed the indictment. Also see Moore v. State, 91 Miss. 250, 44 So. 817, 124 Am. St. Rep. 715.

In McCearley v. State, 97 Miss. 556, 52 So. 796, the word "did" was omitted from an indictment for burglary, and the rule in the Cook case was followed and the indictment was quashed. See also Buchanan v. State, 97 Miss. 839, 53 So. 399, 400, where it was held that the omission of the word "malice" from a murder indictment is fatal.

In Willis v. State, 113 Miss. 838, 74 So. 677, an indictment for attempt to murder was held fatally defective for omitting the word "did" before the word "attempt". See also Herron v. State, 118 Miss. 420, 79 So. 289; Crosby v. State, 191 Miss. 173, 2 So. (2d) 813.

It is true that the objection to the indictment before us was not raised in the lower court and is being raised for the first time here on appeal, but the indictment under consideration is wholly void for omitting the word "did". It cannot be waived and its validity can be challenged for the first time on appeal. Crosby v. State, 191 Miss. 173, 2 So. (2d) 813; Herron v. State, 118 Miss. 420, 79 So. 289; Cook v. State, 72 Miss. 517, 17 So. 228, 229.

Section 26 of the Constitution of 1890 secures to the accused such a specific description of the nature and cause of the accusation as will enable him to make preparation for his trial, and also such identication of the

offense that he may be insured against a subsequent prosecution therefor. Section 27 of the Constitution places upon the grand jury, and the grand jury alone, the authority to present the charge of murder. An indictment for murder omitting the word ''did'' presents no accusation of any offense and is void. We cannot make it valid here, for, under our scheme of government, this Court cannot make an invalid into a valid indictment by intendment. The presentation of a valid indictment is the function of the grand jury, and the grand jury only. We repeat what was so ably said by Judge Woods in Cook v. State, supra, ''Regretting the necessity of ever reversing any judgment after full trial, unless upon the merits, we yet must not forget that it is our sworn duty to maintain unbroken the constitutional safeguards of the lives and liberties of the people.''

The judgment below will be reversed, the indictment quashed, the cause remanded, and the accused held to answer any indictment that may be found.

Reversed and remanded.

**Roberds, J.** (dissenting).

The controlling opinion holds that the omission of the word ''did'' from the indictment renders it void. The Cook case, cited in the opinion, so holds; therefore, we must follow that case or overrule it.

I fully appreciate the necessity of uniformity, certainty, and stability in the law. I am reluctant to overruling cases. However, when an announced rule is contrary to reason and logic, is clearly wrong, is manifestly mischievous in its effect, and its repudiation results in no injustice, nor deprives one of property or contractual rights acquired in reliance on the rule, it should not be followed and the case announcing it should be overruled. Brewer et al. v. Browning et al., 115 Miss. 358, 76 So. 267, 519 L. R. A. 1918F, 1185, Ann. Cas. 1918B, 1013, Sugges-

tion of Error overruled; 14 Am. Jur., Sec. 124, pp. 341-2. In my opinion the Cook case and the case at bar come within the condemnation of the stated principle. No property or contractual rights are here involved. The conclusion reached in the Cook case that the indictment, because of the mere omission of the word 'did", failed to notify defendant he was charged with murder, and misled him into believing he was charged with some other crime, is, in my opinion, contrary to common reason and logic. The indictment here charges that ". . . Danny Kelly . . . with force and arms . . . unlawfully, willfully, feloniously and of his malice aforethought, kill and murder J. T. Hilton, a human being . . .". It is obvious the omission of the word "did" was merely a clerical error. Kelly was bound to know he was being charged with the murder of Hilton.

And to demonstrate beyond all question that he did know it, and that he was in nowise prejudiced, the record discloses the following facts:

The warrant under which he was arrested recited that he was being arrested upon "a charge of murder by indictment in said court", being the same court in which the indictment in question was returned and was then on file.

On being arrested, he obtained his release by executing a bond which, by its express terms, obligated him to appear at the next term of that court and answer to the "charge of murder".

The entire trial proceeded upon the charge that he murdered Hilton. All the evidence, both on behalf of the State and the defense, was directed to that charge. Kelly killed Hilton by a blow on his head with a baseball bat, crushing his skull. He admitted he killed him. His defense was that Hilton was cursing him and his wife, and he killed him in anger, which facts, if they be facts, should reduce the crime from murder to manslaughter, according to his contention. All of the instructions, dealing with the nature and elements of the crime, were directed

to the charge of the murder of Hilton. There is not the slightest intimation in the record that appellant had the remotest doubt he was being tried for the murder of Hilton. Here, then, is a practical situation. We should deal with it as such. The omission of the word "did" from the indictment certainly did not mislead appellant or deprive him of any right.

The rule announced in the Cook case is clearly mischievous in its effect. The question of the sufficiency of the indictment in the case at bar was never mentioned in the court below. It was raised for the first time in this Court. The record does not disclose how long it took to try the case nor the expense thereof. However, seventeen witnesses testified. Those who took part in the trial, including the trial judge, counsel for State and defense, the grand and petit jurors, the officers of the court, and the witnesses, underwent the trouble and inconvenience of trying the case, and the county incurred the cost and expense of the trial. Had the question been raised in the lower court, another indictment could have been promptly returned, if the defect could not have been remedied by amendment. Now, there must be a new trial and all the trouble and expense be again incurred.

In my opinion Cook v. State, and the cases following it, should be overruled, and we should now say that all defects of this character must be raised in the lower court under Section 2449, Code 1942, else they are waived by defendants. To avoid another such fiasco as is disclosed by this record we should correct a situation brought about, as I see it, by the Court becoming confused and lost in a technical situation, at a time when more importance was attached to technicalities than now, thereby permitting a trivial matter to outweigh ordinary reason and common sense.

**McGehee, J.,** concurs in this dissent.