WASH *v.* STATE

In Banc. June 13, 1949.

(41 So. (2d) 29)

**J. L. Thompson** and **O. B. Triplett, Jr.**, for appellant.

860 ·

R. O. Arrington, Assistant Attorney General, for appellee.

**Hall, J.**

Appellant was convicted upon an indictment which, omitting the formal parts, charged that he "did then and there wilfully, unlawfully, feloniously, knowingly and bigamously marry one Ruthie Mae Chapman, a married woman, knowing at the time that she, the said

Ruthie Mae Chapman, was married and had a living husband''.　█　█　The indictment did not charge the time, place of circumstances of the former marriage of Ruthie Mae Chapman nor did it give the name of her living husband.

In the case of Graves v. State, 134 Miss. 547, 554, 99 So. 364, 365, this Court said: ''In our opinion the indictment had to set forth something in the nature of an allegation with reference to the time, place, and circumstance of the former marriage, or it had to name the person with whom the former marriage is alleged to have been contracted.''

Under this authority the indictment upon which appellant was convicted is fatally defective. In the Graves case there was a demurrer to the indictment, which was overruled by the trial court. In the case at bar there was no demurrer and the insufficiency of the indictment was not challenged in nor brought to the attention of the lower court, and it is raised for the first time in this court.

While we are reluctant to hold a trial court in error upon a matter which was not brought to its attention, it is nevertheless the law of this state that █ █ a fatal defect of this nature may be raised for the first time on appeal, it being our duty to ''maintain unbroken the constitutional safeguards of the lives and liberties of the people.'' In the recent case of Kelly v. State, Miss., 36 So. (2d) 925, 926, not yet reported in the state reports, this court said: ''It is true that the objection to the indictment before us was not raised in the lower court and is being raised for the first time here on appeal, but the indictment under consideration is wholly void for omitting the word 'did'. It cannot be waived and its validity can be challenged for the first time on appeal. Crosby v. State, 191 Miss. 173, 2 So. (2d) 813; Herron v. State, 118 Miss. 420, 79 So. 289; Cook v. State, 72 Miss. 517, 17 So. 228, 229.''

The judgment of the lower court is accordingly reversed and the appellant held under bond to await the action of the grand jury upon a proper indictment.

Reversed and appellant held to await further action of grand jury.