ECHOLES *v.* STATE

No. 43710 December 6, 1965 180 So. 2d 630

*Carsie A. Hall,* Jackson; *John Bodner, Jr., Patricia M. Wald,* Washington, D. C., for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

Inzer, J.

This is an appeal by Samuel Echoles from a judgment of the Circuit Court of Panola County, Mississippi, wherein the trial court dismissed the petition of appellant for the issuance of a writ of error coram nobis.

The petition alleged that appellant had been indicted by the grand jury of Panola County on September 12, 1964 for the crime of perjury. He was arrested on that date at about 7:30 p.m. and was carried to Sardis where he was incarcerated in jail. The following morning he was taken to the courthouse and arraigned without benefit of counsel. Upon his plea of guilty he was sentenced to serve a term of three years in the state penitentiary, with eighteen months of the sentence being suspended. The petition further alleged that appellant's plea of guilty had been obtained by duress and misrepresenta-

tion and that appellant had been denied his basic rights to a jury trial, assistance of counsel, and due process of law, all in violation of the sixth and fourteenth amendments to the Constitution of the United States and sections 14, 26 and 31 of the Mississippi Constitution.

When the petition was presented to the circuit judge, he granted a hearing thereon, and the same was had on December 5, 1964. A record was made of the proceedings, and at the conclusion of the hearing the trial judge rendered his opinion. His opinion in part states:

The Court has attempted to resolve the testimony offered here today, and the Court is now of the opinion and finds that the prayer of the petition should be denied and the petition should be dismissed for the reason that the Court is of the opinion that the Petitioner was adequately and timely advised of his constitutional rights to counsel; that Petitioner was arrested at about 7:30 P.M. on the evening of September 28, 1964; that he was brought to the jail at Sardis in the First District of Panola County; and the following morning he had a conference with the District Attorney, Mr. Finch, at which several officers were also present.

The Court is of the opinion that he was timely and adequately advised of his rights to counsel before any questions were asked him with reference to the crime or before he was interrogated in any way about the crime for which he was being charged; that the charges against him were stated to him by the District Attorney; and that the Petitioner was fully advised as to what those charges were.

The Court finds that the District Attorney did state to the Petitioner that he could receive as much as ten years if found guilty of the crime of perjury, but the Court also finds that that statement of the District Attorney was made in response to the question asked

by the Petitioner, Samuel Echoles, as to what the maximum penalty might be.

The Court is of the opinion that the Petitioner was not denied his constitutional rights in any way at the September, 1964, Term of the Court, and that he entered his plea of guilty with full knowledge of what he was doing, and that he did so freely and voluntarily.

The Court, also, finds from the testimony of the Petitioner himself, Samuel Echoles, that at the time of his indictment, arraignment, and sentence at the September, 1964, Term of this Court that he was not an indigent, but that from the Petitioner's own admissions on the witness stand here today, at that time he was possessed of property which had a net value over and above any debts owned of several hundred dollars, and that the Petitioner was by his own admission financially able to employ his own counsel had he seen fit to do so.

So, the Court finds that the Petitioner was timely and adequately advised of all of his constitutional rights, and has not been denied of any of those rights, and that he was sentenced pursuant to a free and voluntary plea of guilty. The prayer of the Petition for a Writ of Error Coram Nobis is denied and the Petition is dismissed.

An order will be entered accordingly, and the Petitioner will have reserved to him any and all rights he might have of appeal or any other rights which he might have under the laws of the State of Mississippi and the laws of the United States.

An order in accordance with this opinion was entered, and the petition was dismissed. Hence this appeal was brought.

The appellant contends that the trial court was in error in dismissing his petition for three reasons. They are: (1) The indictment on which appellant was con-

victed is fatally defective because on its face it shows no crime was committed; (2) The undisputed testimony adduced at the hearing shows that appellant did not knowingly or intelligently waive his rights to counsel and to a jury trial; and (3) The compulsory pre-arraignment interrogation without the advice of counsel, under the circumstances, was both overtly and inherently coercive.

The contention that the indictment is fatally defective is raised for the first time on this appeal. Appellant contends that under our decisions this question can be raised for the first time in a collateral proceeding on appeal. He cites in support of this contention the following cases: Love v. State, 211 Miss. 606, 52 So. 2d 470 (1951); Kelly v. State, 204 Miss. 79, 36 So. 2d 925 (1948); Taylor v. State, 74 Miss. 544, 21 So. 129 (1897); Cook v. State, 72 Miss. 517, 17 So. 228 (1895). The State correctly concedes that under our decisions the validity of the indictment can be raised for the first time on appeal, but insists that the indictment is valid.

We will first address ourselves to the question concerning the validity of the indictment. This necessitates a careful examination of it, and although it is lengthy, it will be set out in full at the end of this opinion.

The indictment reveals that the perjury charged was based upon answers given by appellant to questions contained in a written application to register as an elector of Panola County. The indictment charges that appellant falsely swore that he had not been convicted of any crime, when in truth he had been convicted of the crime of possession of intoxicating liquor, and that he failed to list this crime as required so to do. These were the answers given to questions numbered 16 and 17 in the registration form. The indictment charges that appellant was under oath at the time he made these false answers, but this allegation is contradicted by the indictment itself by the inclusion therein of the registra-

tion form executed by appellant. The setting out of the registration form in full in the indictment made it an integral part of the indictment, and it shows that appellant was not under oath at the time he answered the questions alleged to be false. The oath that appellant actually signed is incorporated in paragraph 18(a) of the registration form, and it does not refer to answers given to prior questions. Appellant in this oath swore, among other things, that he was not disqualified from voting by reason of having been convicted of any crime named in the Constitution as a disqualification to be an elector. The crime of possession of intoxicating liquor is not one of the crimes listed in the Constitution. He also swore that he would truly answer all questions propounded to him touching his antecedents so far as they related to his right to vote. This part of the oath clearly refers to future questions that might be propounded, rather than to those already answered. A careful study of the indictment convinces us that it is clear from the indictment that appellant was not under oath when he gave false answers to these two questions. This fatal defect is plain on the face of the indictment.

The testimony contained in the record confirms the lack of any false swearing in regard to the questions alleged to have been falsely answered in the registration form. Mr. Ike Shankle, Circuit Clerk and County Registrar, who took the oath in this .case, testified that it was his practice to give an applicant for registration a form and have him fill out the front of the form (questions 16 and 17 are on the front of the form), and when that was done, he would turn the form over and have them fill out the oath in paragraph 18(a). He stated that he then had them sign the oath in his presence. When asked the question whether he read it to them, he said, ''No. I turn it over and ask them to sign it right there.'' He further testified that this practice was followed relative to appellant's application. There was no-

thing that he said or did that would indicate to appellant or anyone else filling out the form that he was under oath when answering questions 16 and 17. Thus it is also reflected by the testimony that appellant was not under oath at the time he falsely answered questions number 16 and 17, and the oath subsequently administered did not extend to these answers.

We might add further that it is extremely doubtful whether the matter alleged to have been falsified was material to the right of the appellant to register to vote. However, it is not necessary for us to reach this point in this decision.

 ██ We are constrained to hold that the indictment to which the appellant pleaded guilty is fatally defective and charges no crime. For this reason his petition for a writ of error coram nobis should be granted. However, we desire to point out that although the effect of our decision is to reverse the holding of the learned trial judge, this defect was not called to his attention. We are satisfied that had it been presented to him as it is presented to us, he would have reached the same conclusion. In view of this conclusion we do not reach the other points raised on this appeal.

For the reasons stated this case is reversed, the writ of error coram nobis is granted, and the appellant is discharged.

Reversed and judgment here for appellant.

*Lee, C. J., and Rodgers, Patterson and Smith, JJ.,* concur.

## INDICTMENT ON WHICH APPELLANT WAS CONVICTED

THE STATE OF MISSISSIPPI )
)
FIRST DISTRICT OF PANOLA COUNTY)

CIRCUIT COURT, SEPTEMBER

TERM, 1964

THE GRAND JURORS of the State of Mississippi, elected, empaneled, sworn and charged, to inquire in and for the body of First District of Panola County, at the September Term, A.D., 1964, of the Circuit Court thereof, in the name and by the authority of the State of Mississippi, on their oath, present that SAMUEL ECHOLES late of the County and District aforesaid, on the 28th day of September, 1964, in said County and District that SAMUEL ECHOLES being an applicant for registration as a qualified voter of Panola County, State of Mississippi in said County on the 31st day of August, 1964 before IKE SHANKLE, duly elected and acting Circuit Clerk of Panola County, Mississippi and Panola County Registrar of Panola County, Mississippi who was then and there duly authorized to administer oaths and to take and administer oaths of applicants for registration of voters of Panola County, Mississippi; that thereupon it became and was a material matter to be reported to the County Registrar and Circuit Clerk, IKE SHANKLE, the following questions and answers as follows:

### SWORN WRITTEN APPLICATION FOR REGISTRATION

(By reason of the provisions of Section 241, 241-A and 244 of the Constitution of Mississippi and relevant statutes of the State of Mississippi, the applicant for registration, if not physically disabled is

required to fill in this form in his own handwriting in the presence of the registrar and without assistance or suggestion of any person or memorandum.)

1. Write the date of this application August 31, 1964

2. What is your full name Samuels Echoles
 (43)

3. State your age and date of birth 44 years
 Nov. 24, 1921

4. What is your occupation? farmer

5. Where is your business carried on? (Give city, town or village, and street address, if any, but if none, post office address). If not engaged in business, so state. Crenshaw, Miss. Rt. 1, Box 55

6. By whom are you employed? (Give name and street address, if any, but if none, post office address). If not employed, so state. Curtis McMoore Como, Miss. Rt. 2

7. Where is your place of residence in the county and district where you propose to register? (Give city, town or village, and street address, if any, but if none, post office address.) Crenshaw Miss Rt. 1, Box 55 no

8. Are you a citizen of the United States and an inhabitant of Mississippi? Yes

9. How long have you resided in Mississippi? 44 years

10. How long have you resided in the election district or precinct in which you propose to register? 2 years

11. State your last previous place of residence. (Give street address, if any, but if none, post office address). Como Miss. Rt. 2 Box 76

12. Are you a minister of the gospel in charge of an organized church, or the wife of such a minister? If so, what church? (Give address in each instance) no

13. Check which oath you desire to take: (1) General x (2) Minister's_____ (3) Minister's wife _____ (4) If under 21 years at present, but will be 21 years old by date of general election: No

14. If there is more than one person of your same name in the precinct, by what name do you wish to be called? Samuel Echoles

15. Have you ever been convicted of any of the following crimes: bribery, theft, arson, obtaining money or goods under false pretenses, perjury, forgery, embezzlement, or bigamy? no

16. Have you ever been convicted of any other crime (excepting misdemeanors for traffic violations)? no

17. If your answer to question 15 or 16 is "yes", name the crime or crimes of which you have been convicted, and the year, court, and place of such conviction or convictions. no

18. Write and copy in the space below, Section 82 of the Constitution of Mississippi:

Section 82

Legislature shall fit the amount of the penalty of all official bonde (sic). And may, as far as practicable, provide that the whole or a part of the security required for the faithful discharge of official duty shall be made by some guarantee company or companies.

(a) GENERAL and/or SPECIAL OATH:

I, _____, do solemnly swear (or affirm) that I am twenty-one years old (or I will be before the next election in this County) and that I will have resided in this State two years, and_____ Election District of Panola County one year next preceding the ensuing election, and am now in good faith a resident of the same, and that I am not disqualified from voting by reason of having been convicted of any crime named in the Constitution of this State as

a disqualification to be an elector; that I will truly answer all questions propounded to me concerning my antecedents so far as they relate to my right to vote, and also as to my residence before my citizenship in this District; that I will faithfully support the Constitution of the United States and of the State of Mississippi, and will bear true faith and allegiance to the same, So Help Me God.

/s/ Samuel Echoles
Applicant's Signature to Oath

Passed
Reg Longtown
8-31-1964

/s/ Samuel Echoles
Applicant's Signature to Application
(The Applicant will also sign his name here)

STATE OF MISSISSIPPI
COUNTY OF PANOLA

Sworn to and subscribed before me by the within named SAMUEL ECHOLES on this the 31 day of Aug., 1964.

/s/ Ike Shankle
County Registrar

(Seal)

in the said "Sworn Written Application for Registration," before the said IKE SHANKLE a duly authorized officer to administer and take oaths as aforesaid who was then and there duly authorized to administer said oath as aforesaid the said SAMUEL ECHOLES, did then and there wilfully, unlawfully, feloniously, corruptly and knowingly make oath and did then and there swear and say in answer to question 16 after the question which reads as follows "Have you ever been convicted of any crime (excepting misdemeanors for traffic violations" his answer was "no" and on question

17 of said sworn written application for registration in answer to question 17 it states "if your answer to 15 or 16 is yes, name the crime or crimes of which you have been convicted in the year, court and place of such conviction or convictions" and the answer to said question by the said SAMUEL ECHOLES was "no" whereas in truth and in fact, as the said SAMUEL ECHOLES then and there well knew that he had been convicted of a crime of possessing intoxicating liquor in Panola County, State of Mississippi under Cause Number 2899 of the First Judicial District of Panola County, Mississippi and for said conviction was sentenced to serve a term of three months in the County Jail and a fine $200 and costs which said order and sentence the said SAMUEL ECHOLES pleaded guilty to said charge, and The Honorable Curtis M. Swango, Jr., Circuit Judge of Panola County entered an order and sentence on the 28th day of March, 1962 which appears in minute book N at Page 427 in the Circuit Clerk's office at the Courthouse of the First Judicial District of Panola County, Mississippi, and that the said SAMUEL ECHOLES, made said oath as aforesaid to the said IKE SHANKLE, an officer duly authorized as Circuit Clerk and as County Registrar of Panola County, Mississippi to administer oaths as aforesaid, and that thereupon the said SAMUEL ECHOLES being *sworn* as aforesaid and in the manner and form as aforesaid on the date and year aforesaid falsely, maliciously, wickedly, knowingly, corruptly and feloniously in the manner as aforesaid did commit wilful and corrupt perjury, Against the peace and dignity of the State of Mississippi.

/s/ Charles C. Finch
District Attorney
17th Judicial District of Mississippi.