LOVE v. STATE.

Division A. May 7, 1951.

No. 37978 (52 So. (2d) 470)

608

**King & King** for appellant.

**Geo. H. Ethridge**, Assistant Attorney General, for appellee.

**Ethridge, C.**

There is here involved the sufficiency of an indictment for indecent assault on a female child which omits to

charge that defendant was over the age of eighteen years, although the statute enumerates this as an element of the offense.

Appellant, John Thomas Love, was indicted, tried, and convicted at the September, 1950, term of the Circuit Court of Attala County, Mississippi, of the crime of indecent assault upon or violation of the person of a female child under the age of thirteen years, as set forth in Miss. Code of 1942, Sec. 2052. That statute provides in part as follows: "Any male person above the age of eighteen years, who, for the purpose of gratifying his lust, or indulging his depraved licentious sexual desires, shall handle, touch or rub with hands or any part of his body or any member thereof, any female child under the age of thirteen years, with or without her consent, shall be guilty of a high crime . . . ."

The indictment charged as follows: "That John Thomas Love, late of the county, aforesaid, on the 4th day of September, 1950 in the county and state aforesaid, and within the jurisdiction of this Court, did wilfully unlawfully and feloniously make an assault and battery upon the person of (naming her), a female child under the age of 13 years by touching the breasts of said child for the purpose of indulging his depraved licentious sexual desires against the peace and dignity of the State of Mississippi."

This indictment omitted to charge that the appellant at the time of the offense was a "male person above the age of eighteen years," as the statute requires, although the proof showed that he was over the age. The state concedes that the age of appellant was a material element of the crime, but argues that, because there was no demurrer to the indictment, this defect can not be raised for the first time in this Court, citing Code Sec. 2449, which provides that "All objections to an indictment for a defect appearing on the face thereof, shall be taken by demurrer . . . and not otherwise . . . ." However, this statute "applies only to formal defects

that may be amended without touching any matter of substance (and), does not apply to defects touching the substance, and . . . no averment of any indictment, which goes to the very essence of the offense, may be dispensed with by the state, or waived by the accused.'' Kelly v. State, 1948, 204 Miss. 79, 36 So. (2d) 925. Hence the determination of whether appellant could waive that defect in the indictment depends upon ascertaining whether this factor (that appellant is a male person over the age of eighteen years) is an essential element of the offense.

 Generally, the charge is sufficient if the indictment adopts and follows the language of the statute or is in language substantially equivalent to it. State v. Needham, 1938, 182 Miss. 663, 180 So. 786, 116 A. L. R. 1100. This offense of indecent assault upon a female child is a statutory and not a common law crime. Allen v. State, 1936, 175 Miss. 745, 166 So. 922. The statute expressly requires that the female child be under the age of thirteen years, and that the accused be a ''male person above the age of eighteen years''. No male under that age can be guilty of this crime. This element is an affirmative fact which must be charged and proved by the state. It is not a mere formality. As was said in Kelly v. State, supra, Code Sec. 2449 ''was not intended to deprive any citizen accused of a felony of his right to have the nature and cause of the accusation preferred against him clearly and fully stated, and any abridgement of the right to be thus informed in any substantial particular would be unconstitutional . . .''

 The fact that defendant is a male person above the age of eighteen years is a sine qua non of the crime. Hence the indictment is fatally defective for the failure to contain a charge of that necessary element. Appellant has a constitutional right to a plain and complete statement of the charge against him.

The established rule is stated in 27 Am. Jur., Indictments and Informations, Sec. 54, as follows: ''It

is the constitutional right of the accused, under the organic law of the nation and of the several states, 'to be informed of the nature and cause of the accusation' against him, and under these provisions, the accused is entitled to a plain statement of the charge against him. It is fundamental, of course, that an indictment, to be effective as such, must set forth the constituent elements of a criminal offense; if the facts alleged do not constitute such an offense within the terms and meaning of the law or laws on which the accusation is based, or if the facts alleged may all be true and yet constitute no offense, the indictment is insufficient. . . . Every material fact and essential ingredient of the offense—every essential element of the offense—must be alleged with precision and certainty, or, as has been stated, every fact which is an element in a prima facie case of guilt must be stated in the indictment.'' See ibid, Secs. 51-63, 79; 42 C. J. S., Indictments and Informations, Sections 130-137-138.

This result is in accordance with the consistent application by this Court of the principle that ██ an indictment must expressly charge the essential elements of a crime and that failure to do this authorizes a challenge of the indictment for the first time on appeal. See State v. Sam, 1929, 154 Miss. 14, 122 So. 101. An indictment charging possession of intoxicating liquor after two previous convictions of the same offense was held to be insufficient for failure to make specific reference to the statute under which the prosecution was had, as was required by the act serving as the basis of the indictment. Rogers v. State, 1945, 198 Miss. 495, 22 So. (2d) 550. The failure of an indictment for burglary to charge the ownership of the building burglarized was not a mere defect which could be remedied by amendment, but was a fatal defect which could be raised for the first time on appeal. Crosby v. State, 1941, 191 Miss. 173, 2 So. (2d) 813. An indictment for murder which omitted to include the word ''did'' in charging the crime and which there-

fore contained no averment that defendant affirmatively committed the offense, is void, not subject to amendment, and can be challenged for the first time on appeal. Kelly v. State, supra, which also reviews earlier decisions to the same effect. In a prosecution for sale of intoxicating beer, the affidavit was void for failing to charge that, as a result of a county election, the sale of beer was forbidden in the county in which the sale occurred. May v. State, 209 Miss. 579, 47 So. (2d) 887. These cases illustrate a continuing insistence that an indictment based upon a statutory offense must charge all of the essential elements of the statutory crime, and is void for failure to do so.

There are some cases elsewhere which hold that, in a prosecution for statutory rape, it is not necessary that the indictment charge the age of the accused, although the statute sets a minimum age. 44 Am. Jur., Rape, Sec. 61; 1 Wharton, Criminal Law, Sec. 739. But the better rule, and the one more consistent with our cases, was followed in Schramm v. People, 1906, 220 Ill. 16, 77 N. E. 117, where an indictment for statutory rape was required to allege that the accused was of the statutory age and upward, as the offense can not be committed by a younger person. This analogy is not exact. Moreover, the offense of indecent assault under Code Sec. 2052 is both factually and historically different in its nature and essentials from the common law offense of rape and the statutory enlargement of that crime. There seem to be no Mississippi cases similar to the present problem. See Mobley v. State, 1872, 46 Miss. 501; Carlisle v. State, 1895, 73 Miss. 387, 19 So. 207.

Since the offense with which the appellant was charged can not be committed by a person under eighteen years of age, the indictment must charge that element of the crime, and for failure to do that the present indictment is void. The judgment of conviction is, therefore, reversed, the appellant discharged, and the case is remanded without prejudice to the right of the state to

bring against appellant a charge founded upon a proper indictment.

Reversed, appellant discharged, and case remanded.

PER CURIAM.

The above opinion is adopted as the opinion of the Court, and for the reasons therein indicated, the judgment of conviction is reversed, appellant discharged, and the case is remanded without prejudice to the right of the state to bring against appellant a charge founded upon a proper indictment.