LANGFORD *v.* STATE

No. 41633 October 24, 1960 123 So. 2d 614

*A. M. Edwards, Jr., Lenore L. Prather,* West Point, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

McElroy, J.

This case is appealed from a criminal prosecution of the appellant Albert Langford, who was indicted in the Circuit Court of Clay County, Mississippi, upon the charge of embezzlement of certain cattle valued at $240.00. The appellant was convicted on said charge and sentenced to serve a term of six years in the state penitentiary. From which judgment the appellant prosecutes this appeal.

There are several grounds set up in the assignment of error for the reversal of this case. However, one ground suffices: That the indictment in this cause was void because it did not set out who owned the property alleged to be embezzled. And since the case is to be reversed it is not necessary to go into the other grounds set up in the assignment.

Leaving out the formal part, the indictment states as follows: "That Albert Langford late of the County aforesaid, on or before the 5th day of October and in the year of our Lord, 1959, in the County and State aforesaid, and within the jurisdiction of this Court, being then and there the manager and agent of Ben Walker, Sr. and Ben Walker, Jr.'s cattle farm, did then and there by virtue of his employment as such manager and agent have under his care two red white-face Hereford heifers, one weighing approximately 500 pounds of the value of $125.00 and the other weighing approximately 450 pounds

of the value of $115.00, good and lawful money of the United States of America, both said heifers having a V notch and tattoo marks in ear of each heifer, a better description being to the grand jurors unknown, said 2 heifers being of the aggregate value of approximately $240.00 good and lawful money of the United States of America, which said property had come into his possession and had been intrusted to his care and keeping by virtue of his said employment as such manager and agent as aforesaid, and did afterwards then and there, without the consent of said Ben Walker, Sr. or said Ben Walker, Jr., wilfully, unlawfully, fraudulently, and feloniously embezzle said property and fraudulently and feloniously convert same to his own use and benefit''.

In the case of Hampton v. State, 99 Miss. 176, 183, 54 So. 722, 723, it was held: ''There was no such offense at common law as embezzlement; it is made such by statute; it is a statutory larceny. The rules of law in cases of larceny, with reference to alleging and proving the ownership of the property charged to have been stolen, apply with equal force to the crimes of embezzlement, false pretenses, and other kindred offenses.'' See Voss v. State, 208 Miss. 303, 44 So. 2d 402.

The appellant failed to demur to this indictment but he objected to the testimony as to ownership of the property, moved for a directed verdict and requested the Court to peremptorily instruct the jury to find him not guilty. There was also a motion for a new trial, due to the fact that the indictment in this case was void because it did not set out who owned the property alleged to be embezzled.

Section 2449, Code of 1942 Rec., reads as follows: ''All objections to an indictment for a defect appearing on the face thereof, shall be taken by demurrer to the indictment, and not otherwise, before the issuance of the venire facias in capital cases, and before the jury shall be impaneled in all other cases, and not afterward; and the court for any formal defect, may, if it be thought

necessary, cause the indictment to be forthwith amended, and thereupon the trial shall proceed as if such defect had not appeared.''

 ██ The question therefore presented is whether the failure to charge the ownership of the cattle in question is a mere defect in the indictment or is an essential element in the crime attempted to be charged. If the insufficiency of the indictment was due to a defect which could have been remedied by an amendment, then the point is waived by the accused if he fails to interpose a demurrer, ██ but the statute above set forth only authorizes the court to permit the indictment to be amended as to any formal defect. ██ Section 2532, Code of 1942 Rec., provides, among other things, that ''whenever, on the trial of an indictment for any offense, there shall appear to be any variance between the statement in the indictment and the evidence offered in proof thereof, in the name of any county, city, town, village, division, or any other place mentioned in such indictment, * * * or in the ownership of any property named or described therein * * * it shall and may be lawful for the court before which the trial shall be had, if it shall consider such variance not material to the merits of the case, and that the defendant cannot be prejudiced thereby in his defense on the merits, to order such indictment and the record and proceedings in the court to be amended according to the proof * * *.'' This section is not applicable here however, since there is no variance between a statement in the indictment as to the ownership of the cattle embezzled and the evidence on the trial in regard thereto. ██ In this case there is no statement at all in the indictment as to the ownership of the property. In Herron v. State, 118 Miss. 420, 79 So. 289, it was held: ''Since the omitted allegation goes to the very essence of the offense attempted to be charged the omission thereof was not waived by appellant's failure to demur thereto.'' We have numerous cases in Mississippi holding to this effect, Cook v. State,

72 Miss. 517, 17 So. 228; Hughes v. State, 74 Miss. 368, 20 So. 838; Taylor v. State, 74 Miss. 544, 21 So. 129; McGaha v. State, 173 Miss. 829, 163 So. 442; Robinson v. State, 180 Miss. 774, 178 So. 588; Crosby v. State, 191 Miss. 173, 2 So. 2d 813; Kelly v. State, 204 Miss. 79, 36 So. 2d 925; Love v. State, 211 Miss. 606, 52 So. 2d 470; Cohran v. State, 219 Miss. 767, 70 So. 2d 46.

We are therefore of the opinion that the trial court erred in overruling the objections of the defendant as to the ownership of the property, and the overruling of the motion for a directed verdict, and its judgment is accordingly reversed and the cause remanded for a new trial upon an indictment charging the ownership of the property, and the defendant is to be held under the same bond to await the action of the grand jury.

Reversed and remanded.

*Hall, P. J.,* and *Lee, Kyle* and *Holmes, JJ.,* concur.