GILLESPIE, Presiding Justice:
This is an appeal from a judgment of ■conviction of the crime of embezzlement. In all essential respects the indictment is in the exact language of the indictment in Langford v. State, 239 Miss. 483, 123 So.2d 614 (1960). In that case this Court reversed because the indictment did not set ■out who owned the property allegedly embezzled. In this case, as in Langford, the defendant did not demur to the indictment. In Langford the Court held that the failure of the indictment to name the owner of the property allegedly embezzled was not a formal defect that could be corrected by •amendment under Mississippi Code Annotated section 2449 (19S6), and that Lang-ford had not waived the defect by failing to ■demur. Unless we overrule Langford, the present case must be reversed.
Appellant argues three additional points in his original brief: (1) that the State’s testimony was in conflict; (2) that defendant was denied compulsory process; and (3) that the district attorney asked prejudicial questions concerning prior convictions. We are of the opinion that there is no merit in the first two of these additional assignments of error. The district .attorney did ask too many details concerning prior convictions, some of which were necessary and some of which were not. If appellant is reindicted, there is little likelihood that this alleged error will recur. We decline to notice assignments of error argued for the first time in appellant’s rebuttal brief.
Because of the defect in the indictment in failing to name the owner of the property allegedly embezzled, this case is reversed and remanded. The defendant will be held under the same bond to await further action of the grand jury.
Reversed and remanded.
RODGERS, JONES, BRADY and SMITH, JJ., concur.