277 So.2d 623 (1973)
Fox Charles BURCHFIELD
v.
STATE of Mississippi.
No. 47323.
Supreme Court of Mississippi.
May 14, 1973.
*624 McKee & McDowell, Starkville, for appellant.
A.F. Summer, Atty. Gen., by Billy L. Gore, Sp. Asst. Atty. Gen., Jackson, for appellee.
BROOM, Justice:
Appellant Burchfield appeals here from a conviction under the "Peeping Tom" statute. His conviction resulted from a trial in the Circuit Court of Oktibbeha County at the July 1972 Term.
Appellant was indicted under Mississippi Code 1942 Annotated section 2412.5 (Supp. 1972). The pertinent part of said statute reads as follows:
Any male person who enters upon real property . .. and thereafter prys or peeps through a window ... for the lewd, licentious and indecent purpose of spying... . (Emphasis added.)
He was charged by an indictment placed upon a printed form on which the charge was penned in longhand. Obviously the indictment is good in all respects unless in the indictment it is necessary to refer to or describe the accused as a male person.
It is conceded by the state in its brief that the sex of the person charged under said statute is a "material element" of a charge brought under said statute under consideration. The state says that since only males may be punished under section 2412.5, supra, as "Peeping Toms" it is implicit in the indictment that the appellant in this case was a male.
A similar problem arose in Love v. State, 211 Miss. 606, 52 So.2d 470 (1951). There Love was indicted, tried and convicted for indecent assault on or violation of a female child under thirteen years of age pursuant to Mississippi Code 1942 Annotated section 2052 (Supp. 1972). In that case the indictment failed to charge that Love was "a male person above the age of *625 eighteen years." It is to be noted that said statute applies only to male persons above the age of eighteen years. It was held by this Court in Love, supra, that under said section 2052, supra, "the fact that defendant is a male person above the age of eighteen years is a sine qua non of the crime" and that therefore the indictment was fatally defective for failure to contain a charge of that necessary element.
In the present case the legislature saw fit to make code section 2412.5, supra, applicable only to a male person. Therefore, the fact that the accused is a "male person" is an essential or substantive element of the crime which must be charged on the face of the indictment and proved at the trial. Reasoning which may have prompted the legislative enactment of said section 2412.5 is discussed in the opinion of this Court in deciding the case of Green v. State, 270 So.2d 695 (Miss. 1972), wherein it was held that "the singling out of males is permissible."
The specific point was not raised below by demurrer or motion but when the state rested its proof at the trial below, the appellant moved for a directed verdict. He also requested a peremptory instruction before the case went to the jury. Said motion was overruled and he was denied the peremptory instruction. Since the indictment failed to charge an essential element of the crime sought to be charged, the point may not be waived by the accused and may be raised for the first time on appeal. Love v. State, supra; Kelly v. State, 204 Miss. 79, 36 So.2d 925 (1948); Miss. Code Ann. § 2449 (1956).
Following our decision in Love, supra, it is our holding that the indictment before us is void. The "Peeping Tom" offense is purely of statutory origin and is not a common law crime. Allen v. State, 175 Miss. 745, 166 So. 922 (1936). Since the statute under which appellant was indicted expressly requires that the accused be a "male person" no person except a male can be guilty of violating our "Peeping Tom" statute. We do not decide whether or not under special circumstances it may be possible that a female could be charged or convicted under said statute as an accessory.
It has long been the law of this land that an accused person has a constitutional right to be informed of the nature and material elements of the accusation filed against him. All the authorities are to the effect that an indictment, to be sufficient upon which a conviction may stand, must set forth the constituent elements of a criminal offense. Each and every material fact and essential ingredient of the offense must be with precision and certainty set forth. 41 Am.Jur.2d Indictments and Informations § 69 (1968); 42 C.J.S. Indictments and Informations § 130 (1944). Not only must the essential elements of a crime be alleged, they must be proven beyond a reasonable doubt. In the Interest of Johnny Jenkins, 274 So.2d 143 (Miss. 1973).
The legislature in numerous instances has made certain deeds or acts crimes only when committed by one who is a member of a certain category of persons. Common examples are members of specific professions, vocations, particular sex and/or age groups, or other groups of people within designated categories. For instance, a certain deed or action by statute becomes and constitutes a crime if, and only if, such deed or action is committed by a member of such category referred to by the applicable statute. To say it another way, pursuant to a statute applicable only to attorneys a certain deed or act committed by an attorney would constitute a crime when it would not be a crime if committed by a doctor or other person not an attorney. Conversely, a certain act when done by a doctor, pursuant to a statute applicable only to doctors, would constitute a crime, and the same thing done by an attorney or person not a doctor would not be a crime. Other actions, by virtue of statutory restriction, *626 become criminal only if perpetrated by a person within certain other categories such as nurses, school teachers, public officials or those persons defined as of a particular sex and/or age grouping.
Although the offense for which appellant was tried is both revolting and reprehensible, this Court cannot overlook his fundamental right to be legally charged by an indictment which charges the essential ingredients of the offense set forth in Code section 2412.5, supra, defining said offense and limiting the applicability of said statute to only a specific category of persons, to-wit: male persons. The failure to charge that appellant was of the category of persons within the purview of the cited statute is not merely a clerical or technical error. Sound jurisprudence and fairness require that appellant be accorded his right not to stand convicted where the indictment lodged against him fails to charge the essential or material ingredients constituting the crime for which he was tried.
In the case before us, the appellant is accused of committing a despicable caper which is a crime if, and only if, committed by a male person. The statute is aimed or directed only to one who is a male person. It follows that in order to legally charge and convict him it was necessary that the indictment on its face designate him as being one of a group defined by the legislature as "male."
Appellant's conviction is reversed and the case is remanded. Appellant shall await further action of the Grand Jury.
Reversed and remanded.
RODGERS, P.J., and SMITH, SUGG and WALKER, JJ., concur.