LEE, Justice,
for the Court:
C. B. Jones was convicted in the Circuit Court of Forrest County for carrying a deadly weapon, when he had been convicted of a felony previously, and was sentenced to serve five (5) years in the Mississippi State Penitentiary, from which sentence and judgment he has appealed to this Court.
On September 4, 1978, appellant entered Eddie’s Lounge, a bar in Forrest County, and began shooting pool with several individuals in the establishment. Faye' Barber, the proprietor of the bar, observed the appellant remove a pistol from his boot and wave it around. He then placed the pistol back in his boot and continued shooting pool. Mrs. Barber notified the sheriff’s office. Approximately ten (10) minutes later two (2) deputy sheriffs arrived at the tavern. After entering the building, the officers were directed to appellant by the proprietor. They asked him to step outside the establishment and, as he was leaving the building, both officers observed that he was *499 staggering and his speech was slurred. Appellant was placed under arrest for public drunkenness and was searched by Officer Clark, who discovered a .22 caliber revolver hidden inside appellant’s boot.
The question presented is whether or not the appellant was entitled to a directed verdict and peremptory instruction of not guilty for the reason that the indictment was fatally defective.
The indictment charged that appellant, on the fourth day of September, 1978, in Forrest County “did unlawfully, willfully, and feloniously carry a certain deadly weapon, to-wit: a 22 caliber pistol, when he had been previously convicted of a felony, to-wit: the crime of Murder said conviction having been had on the 4th day of January, 1957, in the Circuit Court of Hinds County, Mississippi, and sentenced to a term of Life in the Mississippi State Penitentiary, at Parchman, Mississippi, . . ”
Mississippi Code Annotated Section 97-37-1 (1972) provides the following:
“Any person who carries, concealed in whole or in part, any bowie knife, dirk knife, butcher knife, switchblade knife, metallic knuckles, blackjack, slingshot, pistol, revolver, or any rifle with a barrel of less than sixteen (16) inches in length, or any shotgun with a barrel of less than eighteen (18) inches in length, machine gun or any fully automatic firearm or deadly weapon, or any muffler or silencer for any firearm, whether or not it is accompanied by a firearm, or uses or attempts to use against another person any imitation firearm, shall upon conviction be punished as follows :
(a) By a fine of not less than one hundred dollars ($100.00), nor more than five hundred dollars ($500.00), or by imprisonment in the county jail for not more than six (6) months, or both, in the discretion of the court, for the first conviction under this section.
(b) By a fine of not less than one hundred dollars ($100.00), nor more than five hundred dollars ($500.00), and imprisonment in the county jail for not less than thirty (30) days, nor more than six (6) months, for the second conviction under this section.
(c) By imprisonment in the state penitentiary for not less than one (1) year, nor more than five (5) years, for the third or more convictions under this section.
(d) By imprisonment in the state penitentiary for not less than one (1) year, nor more than five (5) years, for any. person previously convicted of any felony, who is convicted under this section.” (Emphasis added)
Mississippi Code Annotated Section 97-37-5 (1972) states:
“The possession of any deadly weapon as described in section 97-37-1 by any person who has been convicted of a felony under the laws of this state, any other state, or of the United States,. shall be prima facie evidence of a violation of that section.”
Appellant first contends that the indictment was fatally defective for the reason that it did not charge he carried “concealed in whole or in part” the deadly weapon, and that he is entitled to be discharged. The State of Mississippi argues it was not necessary to charge that the deadly weapon was concealed, but simply that appellant had possession of same as stated in Section 97-37-5.
The Instruction #S-1, granted at the request of the State, submitted to the jury the issue exactly as charged in the indictment. The Instruction #D-1 , granted at the request of defendant, also submitted the same issue. Neither appellant nor the State contended that the deadly weapon was required to be charged and proved concealed as set forth in Section 97-37-1. The evidence is undisputed that the weapon was carried concealed in appellant’s boot.
Mississippi Code Annotated Section 99-7-21 (1972) provides that “All objections to an indictment for a defect appearing on the face thereof, shall be taken by demurrer to the indictment, and not otherwise, . . .”
In Langford v. State, 239 Miss. 483, 123 So.2d 614 (1960), the indictment failed to *500 charge the ownership of property alleged to have been embezzled. The Court was called upon to decide whether the failure to charge ownership of the property was a mere defect in the indictment or was an essential element of the crime charged. The Court held:
“If the insufficiency of the indictment was due to a defect which could have been remedied by an amendment, then the point is waived by the accused if he fails to interpose a demurrer, . . 239 Miss. at 487, 123 So.2d at 616.
The Langford court held that the charge of ownership of the property was essential, that although Langford failed to demur to the indictment, he objected to the testimony as to the ownership of the property, and that the case should be reversed for trial under a new indictment charging ownership of the property.
We distinguish the present case from the Langford case for the reason that Sections 97-37-1 and 97-37-5 complement each other and must be read and considered together in passing on the question. There is no statute which makes it a violation to carry a deadly weapon, unless it be concealed in whole or in part. The indictment charged appellant with “unlawfully, willfully and feloniously carrying a certain deadly weapon, to-wit: a .22 caliber pistol . . . ” (Emphasis added). Section 97-37-5 makes possession of the weapon prima facie evidence of a violation of Section 97-37-1. Considering the two sections together, we are of the opinion that the indictment informed the accused with accuracy the charge against him, and that it is sufficient to constitute former jeopardy on conviction or acquittal.
As stated above, the evidence is un-contradicted that appellant had possession of the deadly weapon and that it was concealed. No effort was made by appellant to overcome the prima facie case made under Section 97-37-5 and we reject the contention of appellant that the trial court erred in refusing to grant him a directed verdict and a peremptory instruction of not guilty.
The appellant next contends that his prior felony conviction was had in the Second Judicial District of Hinds County, and that the indictment was fatally defective in that it charged he was convicted in the Circuit Court of Hinds County without naming the judicial district in which the same occurred. The question was answered in Bolen v. State, 309 So.2d 524 (Miss.1975). Bolen contented that the indictment against him was fatally defective for the reason that it failed to charge in which of two judicial districts of Panola County the crime was committed. The Court held that the alleged defect in the indictment was a formal one, could be amended, and, being amendable, the defect may not be raised for the first time on appeal. There is no merit in this contention.
We again repeat, the indictment did not charge that appellant carried concealed in whole or in part, the .22 caliber pistol. The heading of Section 97-37-1, sets forth “Deadly weapons—carrying deadly weapon and use of imitation firearm prohibited— penalties.” The back of the indictment correctly recited the charge “Carrying concealed weapon after conviction of a felony.” The indictment itself should have contained the word “concealed,” following Section 97-37-1. We can only conjecture as to the reason for ■ the omission. Many criminal cases come before this Court involving careless and inefficient handling by prosecutors. It is hoped that full-time prosecuting attorneys, now furnished with adequate facilities and assistance, will see that such conditions are eliminated.
The judgment of the trial court is affirmed.
AFFIRMED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ„ and SUGG, WALKER, BROOM, BOWLING and COFER, JJ., concur.