PROCEDURAL POSTURE AND ISSUES PRESENTED
¶ 1. This case is before the Court challenging the judgment of Circuit Court of DeSoto County of conviction of one count of possession of cocaine and sentence of three years incarceration in the custody of the Mississippi Department of Corrections. After unsuccessfully seeking a JNOV, Carroll filed this pro se appeal, raising four issues for our consideration: 1) whether the trial court erred in classifying residue as a controlled substance, 2) whether the State erred in its opening and closing statements, 3) whether the indictment was defective on its face, and 4) whether Carroll was denied effective assistance of counsel. After reviewing the record, briefs, and legal authority, we find no merit in Carroll's arguments. Accordingly, we affirm the conviction and sentence in this case.
 FACTS
¶ 2. On April 19, 1996, a vehicle in which Carroll was the front-seat passenger was stopped by Hernando Police Officer Chris Sing for a traffic violation. After discovering that the driver had no operator's license, Officer Sing placed the driver in his police cruiser and asked Carroll to exit the *Page 485 
vehicle. While conducting a limited patdown search to ensure his safety, a back-up Hernando officer, Officer Riley, responded to the scene. Officer Riley, noticing that Carroll had something orange in his hand, verbally commanded Carroll to surrender what he was holding. Reluctantly obeying Riley's command, Carroll surrendered the items by throwing them in a nearby ditch. Officer Riley later retrieved two syringes from the ditch. In addition, a bottle cap containing a white substance was retrieved from the back floorboard of the vehicle behind the passenger seat. A field test conducted by Agent Gary Carmon of the DeSoto County Metro Narcotics Unit on the substance in the bottle cap revealed the presence of morphine.
¶ 3. After forensic analysis of the syringes by Edwina Ard, the director-analyst of the Tupelo Crime Laboratory, the residue in the syringes was determined to be cocaine. Ard's analysis of the bottle cap revealed the presence of cocaine and morphine. On July 10, 1996, Carroll was indicted for two counts of possession of a controlled substance pursuant to Miss. Code Ann. § 41-29-139 (Rev. 1993). Subsequent to the indictment, Carroll pled not guilty, and he was tried and convicted of one count of possession of a controlled substance, cocaine, by a petit jury on July 21, 1997[1]. On August 1, 1997, Carroll was sentenced to serve three years in the custody of the Mississippi Department of Corrections.
 ANALYSIS AND DISCUSSION
I. WHETHER THE TRIAL COURT ERRED IN CLASSIFYING RESIDUE AS ACONTROLLED SUBSTANCE
¶ 4. Carroll's first assignment of error seeks reversal of his conviction because, he maintains, cocaine residue is not covered the applicable statute. This argument is absolutely devoid of any merit whatsoever under Mississippi law and is accordingly overruled.
¶ 5. The Mississippi Supreme Court has made clear that, while there is authority from other jurisdictions supporting Carroll's rationale, the majority rule and the law of Mississippi under Miss. Code Ann. § 41-29-139 is that "the statute requires no minimum amount in order to constitute a crime." Hampton v. State,498 So.2d 384, 386 (Miss. 1986). Edwina Ard's forensic analysis identified cocaine residue from the syringes in Carroll's possession at the time of the traffic stop. Clearly, this forensic analysis and its results provided sufficient basis for the charge of and subsequent conviction of possession of a controlled substance. This is no error in this regard.
II. WHETHER THE STATE ERRED IN ITS OPENING AND CLOSING STATEMENTS
¶ 6. Carroll's next assignment of error alleges that the prosecutor erred in his opening and closing statements by implying that the cocaine residue identified in the syringes was suggestive of the presence of a larger quantity of cocaine at a previous time. Carroll provides us with two specific citations to the record. First, in opening arguments, the following exchange occurred:
 By the Prosecutor (Mr. Horan): Now, again, a lot I believe will be made of the fact that there's not much dope here. You're going to use your common sense on whether or not there was more there at some point in time or not. You again —
 By Carroll's Co-Counsel (Mr. Franks): Objection. I'm going to object to that and move for a mistrial, Judge. I don't think he can request the jury to make considerations of stuff that they're not going to present into evidence, and my *Page 486 
understanding is they don't have anything to present into evidence along those lines.
 By the Court: I'm going to overrule the motion. After the jury has heard all the evidence and all the facts and instructions, they can decide on the factual basis and whether the proof has been met.
After all the evidence was taken and Carroll was granted a directed verdict with regard to one of the two counts against him, the following dialogue occurred during the prosecutor's closing argument:
 By the Prosecutor (Mr. Horan): Have we proven to you that those two needles contained cocaine? I submit to you beyond any doubt there was cocaine in them when he dropped them. He knew it. We tested it by the director of the laboratory in Tupelo. Plain and simple. Maybe a small amount shouldn't be. I kind of differ with that thought. Maybe a small amount of cocaine shouldn't be. You know where a small amount comes from, don't you? A larger amount. The legislature has got enough sense to figure that out and they did. That's what happened here if you apply common sense. Yeah, there was a little bit left. And I suspect there was more than that to begin with.
 By Carroll's Co-Counsel (Mr. Franks): Objection, Your Honor. This is about the fourth or fifth time that he's done that. He's asking the jury to speculate on what happened before and he doesn't have the faintest idea and he certainly hasn't introduced any evidence to that affect, and I would ask the Court to admonish him to stop saying that.
 By the Prosecutor (Mr. Horan): I think they can take any inferences from the — now, if that's not a logical inference, then they can go back in the back and say, "That's not a logical inference."
 By the Court: You've gotten it in front of them, Mr. Horan. Just kind of drop that reference and go on.
Carroll claims that these statements unfairly prejudiced his case, and that reversal is warranted. We disagree.
¶ 7. As is well-settled, "[c]ounsel is allowed considerable latitude in the argument of cases, and is limited not only to the facts presented in evidence, but also to deductions and conclusions he may reasonably draw therefrom, and the application of the law to the facts. Wells v. State, 698 So.2d 497, 506 (Miss. 1997) (citing Ivy v. State, 589 So.2d 1263, 1266 (Miss. 1991); Davis v. State, 530 So.2d 694, 701-02 (Miss. 1988)). Further, "[w]here the argument does not result in `unjust prejudice against the accused as to result in a decision influenced by the prejudice so created,' we will find it harmless." Wells, 698 So.2d at 507 (citations omitted).
¶ 8. It is clear that the statements by the prosecutor in his opening argument and closing argument cited by Carroll were deductions and conclusions that could reasonably flow from the facts and evidence presented. Moreover, assuming arguendo that we had found the arguments to be error, such error would have been harmless because no unjust prejudice could have emanated from the statements cited by Carroll. Accordingly, this assignment of error is not well taken and is overruled.
III. WHETHER THE INDICTMENT WAS DEFECTIVE ON ITS FACE
¶ 9. Carroll's next assignment of error attacks the validity of his indictment. Carroll maintains that because the indictment failed to identify the subsection of the code section under which he was charged, then he was not adequately informed of the charges against him. As a part of his argument, he suggests, without directly saying so, that the quantity of drug possessed by him may have been an element of the crime that should have been set out in the indictment. The State claims that Carroll is procedurally barred from raising this issue since he did not *Page 487 
attack the form of the indictment at the trial level. We read Carroll's pro se brief, very generously, to charge that his indictment was insufficient because of its failure to charge all of the constituent elements of the offense. Such a claim may not be waived by the accused and may be raised for the first time on appeal. Burchfield v. State,277 So.2d 623, 625 (Miss. 1973) (citing Love v. State, 211 Miss. 606, 611, 52 So.2d 470, 472 (1951)). Therefore, we conclude that the State's claim of a procedural bar is not well taken and that we must reach Carroll's claim on the merits.
¶ 10. URCCC 7.06 provides the required contents of an indictment: the name of the accused; the date on which the indictment was filed in each court; a statement that the prosecution is brought in the name and by the authority of the State of Mississippi; the county and judicial district in which the indictment is brought; the date, and if applicable the time, on which the offense was alleged to be committed; however, failure to state the correct date shall not render the indictment insufficient; the signature of the foreman of the grand jury issuing it; and the words "against the peace and dignity of the state." Further, the rule requires that an indictment provide "a plain, concise and definite written statement of the essential facts constituting the offense charged and shall fully notify the defendant of the nature and cause of the accusation against him." Gatlin v. State, 95-KA-00650-SCT (¶ 32) (Miss. 1998) (citing Holloman v. State,656 So.2d 1134, 1139 (Miss. 1995)).
¶ 11. In reviewing the indictment, all of the requisites of Rule 7.06 are present and thus there is no error as to form. Further, the pertinent language of Count I read as follows:
 That Dennis Lee Carroll . . . on or about the 19th
day of April in the year of our Lord 1996, . . . did willfully, unlawfully and feloniously, knowingly and intentionally possess a controlled substance, to-wit: Cocaine, in direct violation of Section 41-29-139, Mississippi Code 1972 Annotated, as amended. . . . (emphasis in original)
Plainly, the language of Count I sufficiently meets the requirements set forth in Gatlin. It is true, as Carroll maintains, that Miss. Code Ann. § 41-29-139 creates a number of different drug-related criminal offenses; however, Carroll was charged, in plain language, with the crime of unlawful possession of cocaine. The indictment's failure to narrowly focus onto a particular subsection within the section was not necessary to inform Carroll of the essential elements of the crime.
¶ 12. Carroll's suggestion that the indictment needed to mention a particular quantity of drug is likewise without merit. Cocaine is a Schedule II drug, the unlawful possession of which is made criminal by § 41-29-139 (c). That section does not specify a particular quantity, nor is there another subsection that makes the possession of some particular quantity of the drug a greater offense. The statute only differentiates on the basis of quantity when marijuana is involved — a matter that has no application to this case. Carroll was not left without knowledge of the crime for which he was charged, and the charging instrument provided him with a plain, concise, and definite statement of his charge. As such, this assignment of error is overruled.
IV. WHETHER CARROLL WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL
¶ 13. Finally, Carroll maintains that he was denied effective assistance of counsel, citing three specific incidents in the record. On review of these three incidents pointed to by Carroll, we find no merit to his claim and overrule this assignment of error.
¶ 14. In order to succeed on an ineffective assistance of counsel claim, Carroll must satisfy the two-pronged test set out inStrickland v. Washington, 466 U.S. 668 (1984), and *Page 488 
reiterated by the Mississippi Supreme Court as follows:
 Under the first prong, the movant "must show that the counsel's performance was deficient and that the deficient performance prejudiced the defense." Here there is a strong presumption of competence. Under the second prong of the test, the movant must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." The defendant must prove both prongs of the test.
Mohr. v. State, 584 So.2d 426, 430 (Miss. 1991). As to the first prong, it is presumed "that trial counsel's conduct is within the wide range of reasonable conduct and that decisions made by counsel are strategic." Edwards v. State, 615 So.2d 590, 596 (Miss. 1993). Understandably, the Strickland standard "is difficult to establish, and appropriately so." Knox v. State,502 So.2d 672, 676 (Miss. 1987).
¶ 15. First, Carroll cites his counsel's failure to petition the trial court on a pre-trial motion for amended discovery, citing a lengthy portion of the record for his contention. But, the prosecutor told the trial judge that all of the items requested by Carroll had been provided in routine discovery. In addition, Carroll's counsel indicated that she had provided a copy of her entire file, including discovery, to Carroll. The motion with regard to Carroll's request to independently examine the evidence was addressed by the trial court and overruled as being untimely and without merit. Thus, this alleged instance of ineffectiveness does not meet the necessary standards as set forth in Strickland
and its progeny.
¶ 16. Second, Carroll assigns as ineffective assistance his lawyer's failure to make an opening statement. Carroll maintains that the prosecutor's opening statement incriminated him and prejudiced him before the jury. The record reflects that Carroll's counsel had the opportunity to make an opening statement immediately after the prosecutor's statement but chose, strategically no doubt, to wait until the beginning of the defense case to make the opening statement. As Carroll, in consultation with his defense counsel as noted in the record, declined to put on a defense, this obviated the need for an opening statement.
¶ 17. Opening statements are part of trial strategy. Eakes v.State, 665 So.2d 852, 873 (Miss. 1995). Further, assumingarguendo, that defense counsel's opening statement is deemed to be deficient outside the realm of sound trial strategy, the appellant must still demonstrate some actual prejudice suffered as a result of the opening statement. Id. We find the defense counsel's decision to postpone an opening statement until later in the trial was one of sound trial strategy, and we will not now second-guess that decision. This assignment of ineffective assistance has no merit.
¶ 18. Third, and finally, Carroll claims his counsel provided ineffective assistance in failing to object to the prosecutor's closing statement. This claim is without merit as discussed in our resolution of Issue II, and it is overruled.
¶ 19. THE JUDGMENT OF THE DESOTO COUNTY CIRCUIT COURT OF CONVICTIONOF ONE COUNT OF POSSESSION OF A CONTROLLED SUBSTANCE AND SENTENCEOF THREE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OFCORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXEDAGAINST DESOTO COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P. JJ., BRIDGES, COLEMAN, DIAZ,IRVING, LEE, AND THOMAS, JJ., CONCUR.
[1] At the close of the prosecution's case-in-chief, the trial court granted Carroll a directed verdict with regard to the one count of the indictment charging Carroll with possession of morphine because of insufficient evidence. *Page 489