PAYNE, J.,
for the Court:
PROCEDURAL HISTORY AND FACTS
¶ 1. On September 29, 1995, Henry Jones pled guilty in the Sunflower County Circuit Court to escape and was sentenced to serve five years as an habitual offender in addition to the sentences he was already serving for other crimes. Jones filed a petition for post-conviction relief claiming his counsel was ineffective and that his *579 indictment was faulty; such petition was denied August 13, 1999. The court, recognizing that the Mississippi Supreme Court overturned one of Jones’s prior convictions, eliminated Jones’s status as an habitual offender but denied relief concerning Jones’s claim of ineffective assistance and those concerning the faulty indictment. Feeling aggrieved, Jones appeals to this Court.
ANALYSIS OF THE ISSUES PRESENTED
STANDARD OF REVIEW
¶ 2. With this appeal, Henry Jones raises the following issue for our review:
I.HENRY JONES’S COUNSEL WAS INEFFECTIVE.
A. COUNSEL ADVISED JONES TO PLEAD GUILTY TO AN INDICTMENT THAT FAILED TO CHARGE A CRIME.
B. COUNSEL FAILED TO INVESTIGATE AND OR CHALLENGE THE VALIDITY OF THE INDICTMENT.
C. COUNSEL FAILED TO CHALLENGE THE HABITUAL PORTION OF JONES’S SENTENCE ONCE ONE OF JONES’S PRIOR CONVICTIONS WAS OVERTURNED BY THE MISSISSIPPI SUPREME COURT.
¶ 3. With this appeal, Jones argues that he should be allowed to withdraw his guilty plea because his attorney was ineffective. “The standard of review for ineffective assistance of counsel is set out in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The test to be applied is (1) whether counsel’s overall performance was deficient and (2) whether or not the deficient performance, if any, prejudiced the defense. The defendant has the burden of proving both prongs.” Ratliff v. State, 752 So.2d 416 (¶ 6) (Miss.Ct.App.1999). For the reasons cited herein, we find Jones’s counsel was effective, and we affirm the trial court.
DISCUSSION OF THE ISSUES
¶ 4. Henry Jones argues that his counsel was ineffective in that he allowed Jones to plead to a faulty indictment, he failed to object to the faulty indictment, and he failed to challenge the habitual portion of Jones’s sentence. First, Jones argues that the indictment did not specifically state that Jones was being charged with “escape.” The required content of the indictment is described in Rule 7.06 of the Uniform Rules of Circuit and County Court Practice which states:
The indictment upon which the defendant is to be tried shall be a plain, concise and definite written statement of the essential facts constituting the offense charged and shall fully notify the defendant of the nature and cause of the accusation. Formal and technical words are not necessary in an indictment, if the offense can be substantially described without them. An indictment shall also include the following:
1. The name of the accused;
2. The date on which the indictment was filed in court;
3. A statement that the prosecution is brought in the name and by the authority of the State of Mississippi;
4. The county and judicial district in which the indictment is brought;
5. The date and, if applicable, the time at which the offense was alleged to have been committed. Failure to state the correct date shall not render the indictment insufficient;
6. The signature of the foreman of the grand jury issuing it; and
7. The words “against the peace and dignity of the state.”
¶ 5. The heading of the indictment was entitled “Escape 97-9-45”.[1] In *580 the body of the indictment Jones’s name appears, the date of filing is included, the phrase “in the name and by the authority of the State of Mississippi” appears, the county and judicial district are named, the date of Jones’s escape is listed, the foreperson’s signature appears, and the words “against the peace and dignity of the State of Mississippi” appear. Most of the information contained in Rule 7.06 stated above can be found in this indictment. However, this rule also requires that the indictment should “fully notify the defendant of the nature and cause of the accusation.” From our review of the indictment, it appears that the word “escape” was omitted from the sentence “Jones ... having been previously confined in the Mississippi State Penitentiary at Parchman, Mississippi, on or before March 20, 1995 did unlawfully, wilfully and feloniously from said penitentiary.... ” While we find that this omission may be viewed as a defect, we also know that a guilty plea waives this type of defect in the indictment, with only two exceptions, neither of which apply here.
Outside the constitutional realm, the law is well-settled that with only two exceptions, the entry of a knowing and voluntary guilty plea waives all other defects or insufficiencies in the indictment. A plea of guilty does not waive (1) the failure of the indictment to charge a criminal offense or, more specifically, to charge an essential element of a criminal offense, and a plea of guilty does not waive (2) subject matter jurisdiction.
Drennan v. State, 695 So.2d 581, 584 (Miss.1997) (citations omitted) (emphasis added).
¶ 6. Jones also argues that his counsel was ineffective because his counsel failed to object to the form of the indictment. However, Uniform Rule of Circuit and County Court Practice 7.09 states that “[a]ll indictments may be amended as to form but not as to the substance of the offense charged.” Had the attorney voiced an objection concerning the indictment, the judge would have made the correction then and there, since it was to form. His counsel was not ineffective for failing to object.
¶ 7. Jones additionally argues that his counsel should have investigated or challenged the validity of the indictment. However, as we stated, the indictment was only defective as to form; thus, the outcome would not have been different had Jones’s attorney objected, since the “defect” concerned only the omission of a word and did not affect the substance of the indictment. As well, in accordance with the Strickland test, even if the counsel’s failure to object was counted as a deficiency in the counsel’s performance, Jones would be required to show that he was prejudiced in some way. We cannot conceive how Jones was prejudiced by this, since all pertinent information was contained on the face of the document, and there was no doubt but that Jones knew of the crime with which he was being charged, and since he pled guilty to escape.
¶ 8. In the case of Jones v. State, 383 So.2d 498 (Miss.1980), the defendant claimed his indictment was fatally defective because it omitted a key word. In Jones, the defendant was indicted for “unlawfully, willfully, and feloniously carrying] a certain deadly weapon, to-wit: a 22 caliber pistol.” The Mississippi Code section under which Jones was charged was § 97-37-1, which made it illegal to carry, concealed in whole or in part, weapons, including pistols. This section coincided with § 97-37-5, which stated that the possession of any deadly weapon as described in § 97-37-1 by a convicted fel *581 on, which Jones was, was prima facie evidence of violation of that section. Jones charged that since the indictment did not say he carried his weapon “concealed” that this fatally defected the indictment. The court in Jones pointed out:
Sections 97-37-1 and 97-37-5 complement each other and must be read and considered together in passing on the question. There is no statute which makes it a violation to carry a deadly weapon, unless it be concealed in whole or in part. The indictment charged appellant with “unlawfully, willfully and fe-loniously carrying a certain deadly weapon, to-wit: a .22 caliber pistol.... ” Considering the two sections together, we are of the opinion that the indictment informed the accused with accuracy the charge against him, and that it is sufficient to constitute former jeopardy on conviction or acquittal.
Jones, 383 So.2d at 500. In Jones, the evidence was uncontradicted that Jones had possession of the deadly weapon and that the weapon was concealed; thus, there was no question that these code sections applied to Jones’s situation.
¶ 9. Another case that is similar to the present case is Greenlee v. State, 725 So.2d 816 (Miss.1998). In Greenlee the defendant claimed the indictment failed to adequately inform him as to whether he was being charged with “murder” or whether the charge was “capital murder.” The confusion resided in that the original indictment referred to his being charged pursuant to “97-3-19” which was divided into two sections, these sections containing definitions for both murder and capital murder. The amended indictment changed the section to “97-3-19(l)(a)” which defined murder. As defined in the statute, “capital murder” includes killing public officers, using a bomb to kill others, being paid for killing and similar crimes. In Greenlee, the facts showed that the boy killed his mother, and this scenario clearly pointed not to capital murder but to “non-capital” murder. The Greenlee court said:
It is permissible to amend an indictment if the amendment is one of form and not of substance.... The test for whether an amendment to the indictment will prejudice the defense is whether the defense as it originally stood would be equally available after the amendment is made.... If Section 97-3-19 is read in its entirety, there is no way that the original indictment can be construed as charging capital murder....
Greenlee, 725 So.2d at 821-22 (¶¶ 10-11). In Greenlee, the defendant’s confusion lay in that the code section had more than one crime defined in it. In the case sub judice, the code section that was printed on the face of the indictment only concerns the crime of escape. More importantly, it is imperative to point out that in both Jones and Greenlee, the defendants did not enter guilty pleas, but were convicted by a jury. Incidentally, the present case is even more compelling since Jones pled guilty, which unquestionably waives defects in his indictment, as previously described in this opinion.
¶ 10. With his final point, Jones argues that his counsel was ineffective in failing to challenge the habitual offender portion of Jones’s sentence. This issue is moot since the trial court did recognize such change in Jones’s status and granted that portion of his petition for post-conviction relief accordingly.
CONCLUSION
¶ 11. As described herein, though there did exist a defect in the indictment, Jones’s guilty plea effectively waived his right to object to a defect thereafter. As well, since the change concerned the form and not the substance of the indictment it was amendable, and had he objected, the judge would have made the proposed correction at that time. Jones’s attorney was effective in representing Jones, and none of the issues raised on appeal have merit. Accordingly, we affirm the trial court on all issues.
*582 ¶ 12. THE JUDGMENT OF THE SUNFLOWER COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO SUNFLOWER COUNTY.
LEE, MOORE, MYERS, AND THOMAS, JJ., CONCUR. SOUTHWICK, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY McMILLIN, C. J, KING, P.J., BRIDGES AND IRVING, JJ.

. Miss.Code Ann. § 97-9-45 (Rev.1994) states, “If any person sentenced to the Mississippi Department of Corrections for any term shall escape or attempt to escape from his *580 particular unit or camp of confinement or the boundaries of the penitentiary as a whole, or shall escape or attempt to escape from custody before confinement therein, he shall, upon conviction, be punished by imprisonment in such prison for a term not exceeding five (5) years, to commence from and after the expiration of the original term of his imprisonment as extended in consequence of such escape or attempted escape....”