940 So.2d 969 (2006)
Eric GLENN, Appellant
v.
STATE of Mississippi, Appellee.
No. 2005-CP-01036-COA.
Court of Appeals of Mississippi.
October 24, 2006.
*970 Eric Glenn, Appellant, pro se.
Office of the Attorney General by John R. Henry, attorney for appellee.
Before KING, C.J., GRIFFIS and BARNES, JJ.
BARNES, J., for the Court.
¶ 1. Eric Glenn, pro se, appeals the Circuit Court of Lowndes County's dismissal of his motion for post-conviction relief. Finding no error, we affirm.

SUMMARY OF FACTS AND PROCEDURAL HISTORY
¶ 2. In August 1996, Eric Glenn was charged with three counts of the sale of cocaine, and one count of possession of marijuana with intent to distribute. In November 1999, Glenn entered a plea of guilty to one count of the sale of cocaine; he was subsequently sentenced to serve a term of eighteen years in the custody of the Mississippi Department of Corrections. In March 2005, Glenn filed a motion for post-conviction relief in which he alleged that his indictment was fatally defective and that his sentence was illegal; he claimed that intervening decisions of the United State Supreme Court prevented his claim from being procedurally barred by section 99-39-5(2) of the Mississippi Code. The Circuit Court of Lowndes County summarily dismissed Glenn's motion on the merits without addressing the possibility of procedural bar. On appeal, we agree with the circuit court that Glenn's motion for post-conviction relief lacks merit; we also find that he has failed to prove any exception to the procedural bar. Accordingly, we affirm.

STANDARD OF REVIEW
¶ 3. We will reverse a trial court's denial of post-conviction relief only upon a finding that the trial court's decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150(¶ 3) (Miss.Ct.App.2002).

ISSUES AND ANALYSIS
¶ 4. A motion for post-conviction relief filed more than three years after the entry of judgment on a guilty plea is procedurally barred. Miss.Code Ann. § 99-39-5(2) (Rev.2005). In the instant case, Glenn filed a motion for post-conviction relief over five years after entry of judgment on his guilty plea. Glenn argues that he is excepted from this procedural bar because of two intervening cases by the United States Supreme Court and one intervening Mississippi Supreme Court case which would have adversely impacted the outcome of his conviction or sentence. See Miss.Code Ann. § 99-39-5(2) (Rev.2005). For each issue presented, this Court will first analyze Glenn's arguments on the exception to the procedural bar before evaluating his claim on the merits.
I. WHETHER GLENN'S INDICTMENT WAS FATALLY DEFECTIVE
¶ 5. Glenn cites, as intervening case law to circumvent the procedural bar of section 99-39-5(2), Apprendi v. New *971 Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) for the proposition that all elements of a charge must be contained in the indictment. However, the proposition Glenn cites is not new, but well established law, and thus cannot be considered an "intervening" decision which would have "actually adversely affected" his conviction. Glenn actually cites to a 1951 state supreme court case for the proposition that every element must be alleged in an indictment in order to be effective: Love v. State, 211 Miss. 606, 52 So.2d 470 (1951). Obviously, this law is well established and certainly cannot be considered "intervening" within the meaning of section 99-39-5. We find that Glenn's citations to Apprendi and Love are insufficient to allow him to evade the procedural bar.
¶ 6. Further, Glenn's argument on the merits that his indictment was fatally defective because the portion charging him with the sale of cocaine failed to state a specific amount of cocaine allegedly sold is misguided. It is clear that an indictment charging the sale of cocaine pursuant to section 41-29-139 need not state the amount of cocaine allegedly sold. Waites v. State, 872 So.2d 758, 759(¶ 7) (Miss.Ct. App.2004); see also Miss.Code Ann. § 41-29-139(b)(1) (Rev.2005). This issue is without merit.
II. WHETHER GLENN'S SENTENCE WAS ILLEGAL
¶ 7. Related to his sentencing, Glenn cites Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) in another attempt to evade the procedural bar. Glenn states this case requires that juries, not judges, examine and agree to facts that could increase prison sentences beyond the statutory scheme as required by the Sixth Amendment. However, Blakely is insufficient to remove Glenn's case from the procedural bar as his sentence is not beyond the statutory scheme; accordingly, Blakely is inapplicable to this case.
¶ 8. Glenn states that his sentence was illegal and excessive, but his argument is completely baseless. Glenn pleaded guilty to one count of sale of cocaine, which subjected him to a sentence of up to thirty years of imprisonment and/or a fine of between $5,000 and $1 million. See Miss. Code Ann. § 41-29-139(b)(1). Glenn cites a number of statutory provisions regarding the punishment to be levied upon conviction of possession of cocaine or marijuana; however, as Glenn was convicted of the sale of cocaine, these provisions are inapposite.
¶ 9. "Sentencing is within the complete discretion of the trial court and not subject to appellate review if it is within the limits prescribed by statute." Hoops v. State, 681 So.2d 521, 537 (Miss. 1996). "Further, the general rule in this state is that a sentence cannot be disturbed on appeal so long as it does not exceed the maximum term allowed by statute." Id. at 538 (quoting Fleming v. State, 604 So.2d 280, 302 (Miss.1992)). Glenn's sentence for sale of cocaine was well within the range authorized by statute; therefore, we find this issue to be without merit.
¶ 10. Because Glenn failed to prove any exception through intervening United States or Mississippi Supreme Court cases under section 99-39-5(2), Glenn's motion for post-conviction relief is procedurally barred; it fails on the merits as well.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
*972 KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, ISHEE AND ROBERTS, JJ., CONCUR.